THE SANDWICH MANUFACTURING COMPANY, PLAINTIFF IN ERROR, V. SAMUEL L. SHILEY, DEFENDANT IN ERROR.

1. **Principal and Agent:** AUTHORITY OF AGENT. The unauthorized act of an agent, when ratified by the principal, is equally binding as though embraced within the scope of the agent's power, and when the issue in a cause turns upon the authority of an agent, and there is testimony tending to prove the ratification by the principal of the act of such agent, constituting the cause of action, the verdict of a jury finding such act to be the act of the principal will not be disturbed.

2. **Instructions to Jury:** SETTING ASIDE VERDICT. It is the duty of a court to instruct the jury in the law of the case, whether requested so to do by counsel or not, and when it fails to do so, and the jury find a verdict which, upon a view of the whole case, is clearly wrong, such verdict will be set aside and a new trial ordered. But otherwise when, upon a general view of the case, the verdict seems to be right.

ERROR to the districtcourt for York county, where the cause had been brought on appeal from the county court. In 1881, Shiley bought of the Sandwich Manufacturing Company, through H. M. Miller, the agent of said company, an Adams & French harvester. He gave his note in part payment and a second-hand Marsh harvester for the balance. This was sold by Miller to another party.

The machine bought by Shiley was warranted but failed,. and was returned by him and his notes delivered up, but . the company refused to return the second-hand machine,. and notified Shiley that it knew nothing about it and that he would have to look to Miller for the same as it did not recognize any trade Miller had made for old machines. Hence this action to recover its value as well as a sum paid by Shiley for freight on the machine purchased by him.    Verdict below in county court for Shiley.    Defend-- ant company appealed to the district court where, on trial before GEORGE W. POST, J., and a jury, verdict and judg- ment were in Shiley's favor.

*Scott & Frank,* for plaintiff in error, cited : *Nichols v.. Hail,* 4 Neb., 215.    *Ladd v. Hildebrandt,* 27 Wis., 144. 3 Greenleaf, 429.    1 Wait's Actions and Defenses, 227.

*Sedgwick & Power,* for defendant in error, cited : *Furnas: v. Frankman,* 6 Neb., 429.    Story Agency, §§ 19, 126. *Bloomer v. Denman,* 12 Ill., 240.    *Doan v. Duncan,* 17 Id., 272.    2 Kent Com., 621, et seq., and notes.

COBB, J.

There can be no doubt of the correctness of the position of the counsel for plaintiff in error in their brief that the authority of Miller, the agent, to bind the plaintiff com- pany was restricted to the sale of a certain kind of machine and did not extend to the purchase of ,an old one.    But it is clearly proven that the said agent assuming to act for his principal did, in point of fact, take an old machine from the defendant in error in part payment for a new one purchased by defendant from plaintiff in error. It is also in proof that the said agent sold the old machine in the name of his principal and there is testimony tending to prove that the principal, plaintiff in error, accepted and appropriated the proceeds of such sale.    The principal,.

though not bound by the acts of the agent outside of the scope of his agency, was nevertheless competent to ratify them, and when ratified by the principal such acts were as binding upon the principal as though embraced in the letter of the agent's authority.

Plaintiff in error also makes the point that the court erred on the trial of this cause in failing to instruct the jury upon the law of the case. Upon turning to the bill of exceptions we find the following : " At the close of the trial the parties having no instructions to be submitted, the counsel for the defense asked the court to instruct the jury on the law in the case. The court declined so to do for the reason that he has not had time to write any instructions in the case. To the refusal of the court, to instruct the jury as asked, the defendant excepts."

It is undoubtedly the duty of the judge presiding at a trial to instruct the jury upon the law of the case which is to be observed by them, and should a case arise in which it shall appear from the record that the jury has taken a wrong view of the law applicable to the case, and where the judge has failed to instruct them, whether requested by counsel or not, this court would not hesitate to grant a new trial. But when it is apparent that without instructions the jury has come to a correct conclusion, no error lies. See Proffat on Jury Trials, § 311, and authorities there cited. We think the verdict and judgment about right, and they should not be disturbed.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.