## Lizzie F. Kempton et al., Appellants, v. People, for the use of Frank Kempton et al., Appellees.

### Gen. No. 4,949.

1. WITNESSES—*when incompetent by virtue of interest.* Where the adverse party defends in a representative capacity, the other party is incompetent by virtue of interest as to everything which occurred prior to the death of the deceased.

2. PARTNERSHIP—*what essential to charge, with liability upon individual note of member.* Where a partnership conducts business in the name of one partner a paper signed by such partner is equivocal, and *prima facie* it is the individual obligation of the signer; but it may be proved to have been given in a partnership transaction.

3. PARTNERSHIP—*extent of partner's right to set-off.* A partner who has paid an obligation of his firm is not entitled to a prefer-

ence over other creditors but should be compelled to pro rate with them.

4. ADMINISTRATION OF ESTATES—*upon what administrator not entitled to commissions.* An administrator is not entitled to an allowance of commissions upon assets which he has charged to himself under protest.

5. INTEREST—*when delay in payment does not authorize allowance.* Delay in payment in order to justify allowance of interest, must be both unreasonable and vexatious.

Objections to administrator's report. Appeal from the Circuit Court of Livingston County; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the October term, 1907. Affirmed in part, reversed in part, and remanded, with directions. Opinion filed March 11, 1908.

**Statement by the Court.** Parker S. Kempton began manufacturing drain tile and brick in February, 1892, and continued the business until December, 1893, in the name of P. S. Kempton. In December, 1893, John Funk became a silent or dormant partner with Kempton under a written contract, the business being continued under the name of P. S. Kempton as before until the death of Kempton on February 27, 1899. Lizzie F. Kempton, the widow of the deceased, was appointed administratrix of the estate and subsequently at her request, John Funk, her father, was appointed co-administrator. On October 23, 1901, these administrators filed what is termed a final report in the estate. At the April term, 1903, of the Probate Court, Funk filed a partnership report which showed that Kempton owed the partnership $4,502.96 and that Funk had assets of the partnership in his possession amounting to $3,732.53, leaving a balance due Funk of $770.43. Objections were filed to both reports by creditors of Kempton. Appeals to the Circuit Court were taken by Funk from the orders made in the Probate Court in the partnership matter, and by the administrators in the matter of the estate. The Circuit Court in the partnership matter found there was a partnership, but disallowed some claims Funk asserted that he was entitled to, on the ground that they were barred by the Statute of Limitations. From the judgment of the Circuit Court in

that matter, an appeal was taken to this court, where the
judgment of the Circuit Court was reversed in so far as the
judgment of the Circuit Court determined that the claim
of Funk was barred by the Statute of Limitations, and was
affirmed in all other respects.    The cause was remanded for
further proceedings not inconsistent with the views expressed
in the opinion.    Funk v. Kempton, 123 Ill. App., 100.
The case was appealed to the Supreme Court, where the
appeal was dismissed for the reason that the judgment of the
Appellate Court was not final.    Funk v. Kempton, 221 Ill.,
436.    That case is now pending in this court on a second
appeal as No. 4938.    In the matter of the estate, on October
23, 1901, the Probate Court found that there was no partner-
ship between Kempton and Funk and ordered the adminis-
trators to "charge themselves with $1,866.26, one-half of
the sum total of the accounts and property so treated as
partnership property, one-half of which amounts to the sum
of $1,866.26."    The administrators on the same day filed an
account under protest complying with the order of that court.
In the appeal from that judgment taken to the Circuit Court
the bond shows that the only matter appealed from was the
order compelling the administrators to charge themselves with
the sum of $1,866.26.    On April 16, 1907, the adminis-
trators filed a new account in the Circuit Court on their own
appeal with reference to the order concerning the sum of
$1,866.26 in which they charge themselves with:

| | |
|---|---|
| "To the amount charged in first report .................. | $2042.18 |
| To amount received from the co-partnership of Funk & Kempton carried to this account under protest from John Funk, the surviving partner, by the order and mandate of the appellate court to which reference is made and made a part hereof,".............. | 3613.69 |
| Total .................. | 5655.87." |

The account also contains various items of credits claimed as shown and allowed in first report but not appealed from................     $1649.81

Also the following items:

| | |
|---|---:|
| By amount due on widow's award.. | 939.75 |
| By interest at 5% on same 6 years. | 281.92 |
| By com. on balance, $1989.17, 6%. | 119.35 |
| | |
| Total ................... | 2990.80 |
| By balance due estate........... | 2665.07 |

|  |  |  |
|---|---:|---:|
|  | $5655.87 | 5655.87 |

| | | |
|---|---:|---:|
| To balance................... | 2665.07 | |
| By paid note, $500 and interest, $129.80 ..................... | | 593.51 |
| By int. at 5% on same 4 yrs., 4 mo., 23 d........................ | | 130.38 |
| By paid, $1500 note and interest, $67.08 ..................... | | 1567.08 |
| By int. on same at 5%, 7 yrs., 10 mo., 10 d..................... | | 578.91 |
| | | |
| | | $2869.88 |

This account shows the administrators have paid out more than they received from the estate and leaves nothing for the creditors whose claims allowed amount to $1,156.30.

To this report objections were filed and at the May term of the Livingston county Circuit Court a trial was had on the report and the objections, and a judgment rendered that "there is due said estate from the co-partnership of John Funk, surviving partner of the late firm of Funk and Kempton, the sum of $3,613.69, upon which amount said Funk was ordered to charge himself with interest at 5 per cent thereon, as found by an order entered in the case of John Funk, surviving co-partner of the late firm of Funk and Kempton, now pending in this court, amounting to $739.78,

making a total of $4,353.47 "; also finding that credits for $164.48 and $119.33 for commissions are improper, and that credits amounting to the sum of $2,869.88 which Funk claims he was compelled to pay as security for Parker S. Kempton after his death, are improper and ought not to be allowed, and that $281.92 credit as interest on widow's award is an improper charge and in lieu thereof the widow will be allowed interest at 5 per cent on the balance of her award which she elected to take in money from the time of the judgment thereon to October 23, 1901. From that order the present appeal is prosecuted.

CHASE FOWLER, for appellant.

WHITE & TUESBURG and A. C. NORTON, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The only question appealed from the Probate Court to the Circuit Court was the question whether there was a partnership between Funk and Kempton, and if there was, what was the proper charge arising out of such business and against whom should it be made? The Probate Court ordered the administrators to charge themselves with $1,866.26, one-half of the total sum of the account of the property claimed to be partnership property. The Circuit Court found there was a partnership and ordered John Funk as administrator to charge himself with all the property claimed to be partnership property. In the former judgment which was appealed to this court by Funk, the surviving partner, the question involved was whether the partnership property should not first be applied to the settlement of the partnership debts and the private accounts between the partners and the partnership. This court held that the dormant or secret partner, "Funk, had no rights growing out of his relation as a dormant partner which can be set up to defeat, obstruct or hinder the bona fide creditors in the collection of their debts out of the property of which Kempton in his lifetime

was the apparent owner," and that the claim of Funk against the partnership was not entitled to any priority over the creditors of the deceased partner. There also appears to have been involved in that appeal the question of the right of the surviving partner to pay himself out of the partnership assets, for notes which he claims that he paid as surety for Kempton, his deceased partner. The Circuit Court in the matter that was heretofore appealed to this court held that the Statute of Limitations was a bar to the surviving partner presenting the notes against the partnership. · This court held that the Statute of Limitations is a personal defense and could not be urged by the creditors against the claims of Funk, and said, "It does not follow, however, that appellant (Funk) may not stand on an equal footing with appellees (the creditors) with respect to all or some portion of his claim." The question of the Statute of Limitations is not now involved in this appeal. Funk now seeks to have allowed against the estate the sum of $2,869.88, being the amount he paid on a note of $500 and on a note of $1,500 with interest at 5 per cent on the amount paid from the time he paid the respective notes. The notes were signed by Parker S. Kempton and John Funk. The only evidence offered concerning these notes as to the relations. of the makers was that of Funk, the claimant. This was objected to on the ground that he was an incompetent witness. This objection should have been sustained as to everything occurring before the death of Kempton. As far as anything appears in the record these notes may have been the personal notes of Funk, and Kempton may have been the surety. Where a partnership conducts business in the name of one partner, a paper signed by such partner is equivocal, and *prima facie* it is the individual obligation of the signer. But it may be proved to have been or represented to have been given in a partnership transaction. 4 Am. & Eng. Eycyc. of Law (2d ed.), 180.

Funk paid these notes after his co-partner's death. In such case if the estate is insolvent he was not entitled to have the money paid for them set-off in full, but only to

Kempton v. The People.

the extent of his *pro rata* share, taking the same as other creditors, if they had been presented and proved as claims against the estate.   Mack v. Woodruff, 87 Ill., 570.   The court properly sustained the objections to the allowance of any part of the claims for payments made on them by Funk. The burden was on him to prove his claim against the estate of Kempton.   There is no competent evidence in the record that the notes were given for any partnership business, or that Funk was a surety or that they were given for Kempton's debts.

It is next contended that there was error in sustaining objections to two items of $164.48 and $119.33, for commissions allowed by the Probate Court.   It is stated that the item of $164.48 is made up of two items allowed by the Probate Court.   We do not find any items allowed by that court that will make up the sum of $164.48 but we assume it is intended to be made up of the items of $111.98 and $55.50, the only items of commissions in the account in that court. The sum of $111.98 is involved in the appeal for the reason it is commission on the $1,866.26 concerning which the appeal was taken from the Probate Court.   We hold that commission on an item is involved as much as interest and it has been held that interest on an item is involved in an appeal from such item.   Marshall v. Coleman, 187 Ill., 556.   The item of $55.50 commission, if that is included in the sum of $164.48, was not involved in the appeal and the Circuit Court had no jurisdiction over it.   The item of $119.33 was never before the Probate Court so far as anything appears in the record.   That is commission claimed by the administrator on an additional sum they charged themselves with "under protest," they say by order of the Appellate Court, but all the court said was that the property was to be considered as belonging to the Kempton estate so far as necessary to pay the creditors of that estate.   What the court did say is, "If the appellant loaned money to Kempton as an individual or the partnership, or became surety for and was afterwards compelled to pay the debt, or sold property to him or the firm, we perceive no reason why he would not and should not stand

on an equality with appellees in the collection of his debt; while his relation as a dormant partner does not in any way render his position better with respect to any claim he may have, still we see no reason why it should render it worse. Any portion of a partner's claim against the firm which is based on his claim to dividends or profits, earnings, or investments, and all like claims, cannot be placed on an equal footing with creditors, but in cases where he loans money or sells property in good faith and for an adequate consideration had against the firm, there is no reason why he should not share with the other creditors in a distribution of the assets of the firm * * * but in no view of the case could appellant claim a preference over the exceptors."

The administrators contending that they should not charge themselves with the partnership assets, there was no error in disallowing a claim for commission upon such partnership property. In probate matters the court is an equitable court and it would not be equitable to allow the administrators a commission on what they claimed belonged to one of them and not to the estate, and the collection or payment of which they resisted.

The court found that John Funk, surviving partner, had on hand of partnership assets $3,613.69, and ordered that he charge himself with the interest thereon at 5 per cent per annum, amounting to $739.78, making a total of $4,353.47, and that the administrators file a report in accordance with this finding. This did not order that Mrs. Kempton, the co-administrator, charge herself with that amount but only that Funk charge himself with that sum. Mrs. Kempton never had possession of the property of this secret partnership so far as appears from the record. It was proper that as administrator Funk should be charged with the property of the dormant or secret partnership in his possession so far as the same is necessary to pay the widow's award, the debts properly chargeable against the estate of Kempton and costs, the balance, if any, to be disbursed in the settlement of the partnership matter as is by law required. If the partnership statement made by Funk is correct then after the pay-

ment of the award, debts, and costs the remainder would go properly to him as surviving partner.

Funk appears to have made the claim in good faith, that he was entitled to apply the partnership property in the settlement of the partnership matters, and he was entitled to litigate the question involved. Delay of payment in order to justify a recovery of interest must be both unreasonable and vexatious. Devine v. Edwards, 101 Ill., 138; Maynard v. Richards, 166 Ill., 466. We cannot see that there was unreasonable and vexatious delays here on the part of Funk. We hold that he should not be charged with the item of $739.78 interest charged against him.

It is assigned for error that the Circuit Court erred in refusing to allow the widow interest on her award. The only matter appealed was in reference to the partnership, namely the order directing the administrators to charge themselves with $1,866.26, the propriety of this charge and what naturally arises out of it; what sum if any they should be charged with and should the charge be made against both the administrators or only the one who was the surviving partner of Kempton. These are the only matters of which the Circuit Court had jurisdiction. The record does not show that the Probate Court made any order regarding interest on the award, nor was there any appeal in that matter, hence the order of the Circuit Court in that regard was without jurisdiction, and must be reversed.

The judgment of the Circuit Court is affirmed as to the disallowance of the notes paid by Funk, as to the disallowance of commissions on property claimed to be partnership property and as to the charging of $3,613.69 against Funk as administrator, so far as the same is required for the payment of the widow's award, the debts and the costs; and the judgment is reversed as to the order requiring Funk to be charged with the sum of $739.78 of interest, and as to that part of the judgment disallowing the sum of $55.50 commissions, and that part of the order allowing interest on the widow's award to October 1, 1901; and the cause is remanded

with directions to render judgment in conformity with this opinion.

*Affirmed in part, reversed in part and remanded with directions.*