KATHLEEN GIVEEN, APPELLEE, V. WILLIAM R. MATTHEWS, APPELLANT.

FILED FEBRUARY 28, 1929. No. 26359.

*D. M. Vinsonhaler,* for appellant.

*Thomas J. O'Brien, contra.*

Heard before Goss, C. J., Rose, Dean, Good, and Day, JJ., and Eldred and Redick, District Judges.

Day, J.

The plaintiff entered the store of the defendant, William R. Matthews, as a customer and purchased two books. At the conclusion of this transaction, while the plaintiff was in the act of leaving the store, something happened between the plaintiff and Mrs. W. R. Matthews, an employee of the defendant, concerning the details of which there is dispute. As a result of this occurrence the plaintiff brought suit to recover damages, alleging two causes of action: First. Slander, charged to have been uttered and published by Mrs. Matthews as an employee of the defendant. Second. Assault, charged to have been committed by Mrs. Matthews as an employee of the defendant.

This case was tried before a jury and resulted in a verdict of $400 on the first cause of action and for $100 on the second cause of action, upon which verdict judgment was entered by the district court for $500.

The plaintiff testified relative to the occurrence with Mrs. W. R. Matthews as follows: "She said, 'Where did you get these books?' and I said, 'I bought them and paid for them in your store, Mrs. Matthews,' and she said, 'You stole them. If you had bought them and paid for them they would have been wrapped, because we do not allow books to go out of here without being wrapped.'"

It is the universal rule in a suit for damages as a result of slander that the words relied upon as slanderous must be spoken of the plaintiff by the defendant in the presence of a third person. It is elementary that there must be a publication of the slander. We have carefully examined the evidence in this case and there is no evidence of such

publication to sustain a verdict. The evidence is that there was some commotion in the store when Mrs. Matthews followed the plaintiff as she was leaving the store and had a conversation with her, but there is no proof that any one heard the words charged as slanderous. In fact, the testimony of the witnesses called by the plaintiff is that they did not hear the alleged slanderous words.

There are several errors complained of relative to the instructions given. The first is that the trial court erred in failing to properly instruct the jury relative to the separate causes of action pleaded by the plaintiff, and upon which the jury returned a verdict.

Instruction No. 4 given by the court is specifically complained of, and is as follows:

"You are instructed that the burden of proof is upon the plaintiff to establish the following propositions:

"(1)   That, at the time and place alleged, Mrs. Matthews as the agent of the defendant, William R. Matthews, in the presence and hearing of one or more persons other than the plaintiff and defendant, falsely and maliciously charged the plaintiff with having stolen books from the store of the defendant, substantially as alleged in said petition.

"(2)   That, after or while making said charge, the defendant, through his agent, Mrs. Matthews, in the presence of one or more persons other than the plaintiff and the defendant and against plaintiff's will and consent, wrongfully and unlawfully assaulted plaintiff by forcefully seizing the plaintiff and taking said books from her, substantially as alleged in said petition.

"(3)   That such accusations were false; and,

"(4)   That plaintiff has sustained damages by reason of said false accusations or said wrongful assault and seizure of said books, and the extent and amount of said damages.

"Should you find that the plaintiff has established any and all of the foregoing propositions, or the first, third and fourth, or the second, third and fourth of said propositions, by a preponderance of evidence, then plaintiff

would be entitled to recover, and your verdict should be for the plaintiff accordingly.

"Should you believe, however, that the plaintiff has failed to so establish either the first or the second, or either the third or the fourth of said propositions, then plaintiff will not be entitled to recover, and in that event your verdict should be for the defendant."

This instruction is certainly ambiguous and did not clearly set out the issues upon each of the two causes of action. This court has held that it is the duty of the trial judge to instruct the jury upon the law of the case. *Aultman & Co. v. Martin*, 37 Neb. 826; *Sandwich Mfg. Co. v. Shiley*, 15 Neb. 109. The instruction should be definite and certain, free from obscurity, involvement, and doubt. *Lombard v. Mayberry*, 24 Neb. 674. By this instruction the court attempted to inform the jury that it was necessary for the plaintiff to assume the burden of proof to establish the material allegations of her petition as to each of her two causes of action. The two causes of action were based upon slander and assault. This error becomes more apparent when you read the instruction, first, with reference to the cause of action based on slander and then with reference to the cause based upon assault. This instruction is so combined that separation is impossible and inevitably leads to confusion. Where there are two causes of action, it is error not to instruct the jury clearly and definitely upon each cause of action.

Specific complaint is also made of instruction No. 9. This instruction deals with the elements and measure of damages. The two causes of action are confused, and if we read this instruction with reference only to the second cause of action we quickly discover that the jury were erroneously instructed that in assessing recovery for an assault they should consider the "circumstances under which the assault was made and the extent to which it became known in the community." The court also erroneously failed to inform the jury in this instruction that in assessing damages for assault they should ascertain the extent

of the injury, if any, resulting therefrom. The errors in this instruction, no doubt, arose from the confusion of the two causes of action.

There are complaints made of other instructions, but since we are of the opinion that the instructions with reference to the two causes of action are not clearly and definitely stated, but are intermingled and confused and do not contain certain material elements of the causes of action involved, we will not discuss them here. The instructions in this case, taken separately or as a whole, do not clearly inform the jury as to the law applicable to this case, particularly with respect to the second cause of action.

For the reasons given herein, the judgment is reversed and the cause remanded.

REVERSED.