BLUE VALLEY STATE BANK, APPELLEE, v. A. W. MILBURN ET AL.: WILLIAM PRAHL, APPELLANT.

FILED NOVEMBER 14, 1930. No. 27357.

*M. H. Leamy* and *Flansburg & Lee,* for appellant.

*Perry, Van Pelt & Marti* and *C. L. Stewart, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and DAY, JJ., and REDICK, District Judge.

REDICK, District Judge.

This action was originally brought by Blue Valley State Bank, a corporation, against A. W. Milburn, William Prahl, and Milburn & Prahl, a copartnership, to recover a judgment upon four promissory notes aggregating about $8,000, payable to the bank and signed by A. W. Milburn. Owing to the bankruptcy of Milburn, the insolvency of the bank, and the death of Prahl, pending the action, the personnel of the parties has been changed, but for the purposes of this opinion it will be considered a suit by the bank against Prahl.

The petition of plaintiff predicates liability of Prahl upon three grounds: First, that Milburn and Prahl were partners; second, that Milburn and Prahl held themselves out as partners and the moneys were loaned on notes signed by Milburn in reliance on such holding out; and, third, an oral agreement between the bank and Milburn and Prahl that the bank should loan money on Milburn's notes and Prahl would be liable thereon as upon his own obligations.

The answer of defendant Prahl denies generally the allegations of the petition, and denies specifically the existence of a partnership, and alleges that the relationship between Milburn and Prahl was that of landlord and tenant;

that Prahl was the owner of a farm and leased it, together with stock, farming implements and tools, to Milburn. The defendant further alleges that the moneys advanced upon the Milburn notes were for the personal use and benefit of Milburn and without the knowledge or consent of the defendant. The answer further sets up the statute of frauds and several other matters which it will not be necessary to notice. The reply was in the nature of a general denial.

There was a trial to a jury resulting in a verdict for plaintiff for $10,000, judgment thereon, motion for a new trial overruled, and defendant Prahl appeals. A former judgment against Prahl was reversed by this court, and reference may be had to the opinion in that case for a more extended statement of the issues. *Blue Valley State Bank v. Milburn,* 116 Neb. 131.

The errors relied upon for reversal are: (1) The verdict is not sustained by sufficient evidence; (2) error in the assessment of the amount of recovery; and (3) error in the giving and refusing of instructions.

As to the first error asserted, it will suffice to say that the evidence is in conflict and we think the case fairly presents questions of fact for the jury. As to the second assignment, the verdict is less than the amount due plaintiff if it was entitled to recover, but of this the defendant cannot be heard to complain. The only questions, therefore, which we will consider are the assignments relating to the giving and refusing of instructions.

The first objection requiring notice is to instruction No. 2 given by the court upon its own motion. By its first instruction the court stated the issues substantially as made by the pleadings, and as instruction No. 2 is the only one purporting to state the law as applied to the pleadings and proof we copy it in full:

"As to the plaintiff's demands, the proposition here in controversy is whether the defendant, William Prahl, assumed responsibility for the sums loaned by the bank in the transactions had by it wholly or chiefly with the defendant Milburn, and whether said defendant Prahl authorized such loans to be made as they were made, agreeing

on his part to be liable therefor jointly with Milburn as his own obligations and to see that they were paid to the bank. The burden rests on the plaintiff to establish at the trial by the greater weight of the evidence the truth of these facts before it would be entitled to a favorable verdict. If it has done so as to the whole or any part of its demands sued on herein, then it would be entitled to a recovery in this case for the amount due on so much of its demands as are so established. If it has not done so as to any of its said demands, then it would not be entitled to a verdict in its favor.

"In determining the liability of defendant Prahl upon the plaintiff's demands you will consider the evidence given at the trial bearing upon that question. And you are instructed that it was competent for the parties if they chose, to agree with the bank that upon request of Milburn and Prahl or either of them loans should be made by the plaintiff bank upon the credit and responsibility of both; and if they did so agree, and if relying thereon loans were in good faith so made by the plaintiff bank to defendants or either of them, for use in conduct of the business of the defendants in which they were then engaged, the defendant Prahl would be liable thereon.

"You should consider whether the defendants were in business together in the nature of a partnership and what the agreement between the parties actually was; what the parties Milburn and Prahl and the bank said in reference thereto; what they did in and about their business, and what they now say as to their agreements and transactions; all as the same are shown by the evidence given at the trial, and from this determine the truth of the matter.

"So far as concerns the purpose or use to be made of the moneys loaned, the bank would not be bound to follow the same up so as to see to it that the moneys were actually applied to the ranch business in order to protect its own claim, but if the agreement therefor was made by both defendants as is alleged by the bank, then so long as the same remained unrevoked the plaintiff bank in making a loan would have the right to rely upon the statements,

if any, of the defendant then transacting the business as to the purpose for which the loan was desired or to be used; but if such loans or any of them were used or to be used for other purposes than the joint business of the parties, and the bank at the time of making the same knew such fact or in the exercise of ordinary care would have known it, then as to any loans so used and as to which the bank had such knowledge or notice it would not be authorized to recover herein in the absence of a specific agreement or approval thereof by defendant Prahl."

The objections to this instruction are not so much as to what it says, but what it fails to say. By the first paragraph the court states the questions to be whether defendant Prahl assumed responsibility for the sums loaned by the bank, and whether Prahl authorized such loans, agreeing on his part to be liable therefor jointly with Milburn as his own obligation, and to see that they were paid, and placed the burden of proof upon the plaintiff to establish "these facts before it would be entitled to a favorable verdict."

By the second paragraph the jury were told to consider the evidence given at the trial, that the contract alleged was competent for the parties to make, and if the loans were made relying upon such contract Prahl would be liable.

By the third paragraph the jury were told that they should consider whether defendants were in business together in the nature of a partnership, and what the agreement between the parties actually was, what the defendants said in reference thereto, and what they now say with reference to their agreements and transactions.

By the fourth paragraph the jury were told that if the agreement was made by both parties as alleged the bank would not be bound to see to it that the moneys were actually applied to the ranch business, but if the loans were used or to be used for other purposes and the bank knew such fact, or in the exercise of ordinary care would have known it, then the bank was not entitled to recover against Prahl in the absence of his specific approval thereof.

Bearing in mind the three grounds relied upon by plaintiff to establish liability against Prahl, it will be noted that no rules of law are set forth in the instructions as a guide to the jury in determining whether or not the relation between Milburn and Prahl was that of copartners; partnership in law or fact is not defined, nor is the jury instructed as to what facts must be proved by the plaintiff in order to establish the partnership.

Neither does the instruction inform the jury what facts are necessary to be proved in order to constitute a holding out as partners, nor upon which party rests the burden of proof with reference to such facts. No reference is made to the defense of the statute of frauds, the application of which would depend upon the construction to be put upon the language claimed to have been used by Prahl with regard to loans in question.

The instruction fails to state that the burden of proof is upon the plaintiff to show that the loans were made to the partnership, or upon the faith of a partnership induced by the statements of defendants that they were partners.

The notes in dispute were all signed by Milburn alone, and represent a balance due upon 60 or more notes for amounts ranging between $60 and several thousand dollars, and covering a period of over three years, representing loans made by the bank upon notes signed by Milburn alone, and of which transactions defendant Prahl testifies he had no knowledge until after all the loans had been made. Prahl lived at Pierce, Nebraska, about 150 miles from Spring Ranch where these transactions were held, and Milburn was his son-in-law. Prahl would come to Spring Ranch three or four times a year. Prahl's version of the transaction with the bank at the time was, as he claims, that he leased the farm to his son-in-law for a rental of one-half the profits of operation, and that he told the bank he would open an account with them in his own name, and that Milburn was authorized to draw upon the account, signing the checks Prahl, by Milburn, and if the account was overdrawn at any time the bank was to notify Prahl and

he would fix it. The evidence shows that many checks were so drawn by Milburn and paid by the bank.

Under these somewhat peculiar circumstances and the evidence produced by the parties, the three propositions by the plaintiff as a basis for the liability of Prahl become very close questions of fact, and it was the duty of the court by its instructions to aid the jury in reaching a correct conclusion by stating the rules of law applicable to the various claims of the plaintiff. This we think it failed to do by the instruction quoted. The jury were permitted to find a partnership, a holding out, or an oral agreement upon which to base their verdict, without any guidance by the court as to the rules of law governing each of those questions. The verdict being general, we are unable to determine upon which theory the jury found against the defendant, Prahl.

Appellee contends that, as defendant did not request instructions upon the law of partnership, the court was not required to give them, and that plaintiff was entitled to recover whether or not there was a partnership. The issue of partnership, actual or by holding out, was presented by the petition and evidence, and it was the duty of the court to present that question to the jury under proper instructions without any request. *Hessig-Ellis Drug Co. v. Harley Drug Co.*, 95 Neb. 267; *Giveen v. Matthews*, 118 Neb. 125; *Sandwich Mfg. Co. v. Shiley*, 15 Neb. 109.

As above pointed out, we cannot determine which ground of liability the jury selected as basis for their verdict; if partnership of either kind, then the instruction failed to state the law on that subject. We are therefore unable to say whether the verdict is right or wrong.

The next assignment of error is the refusal of the court to give instruction No. 1 asked by the defendant, as follows:

"The jury are instructed that, when one member of a partnership signs a note or makes a contract in his own name and not in the name of the firm, the presumption of law is that such note or contract is his own personal obligation, and not the obligation of the partnership. And

the burden is on the one seeking to enforce such contract or obligation against the partnership, not only to prove the existence of the contract, but to go further and to prove that the money for which the note was given or the consideration for which the contract was executed was advanced on the credit of the partnership.

"And as the undisputed evidence in this case shows that all the notes and contracts herein in question were made in the individual name of the defendant Milburn, if you find from the evidence that a partnership actually existed between the defendants Prahl and Milburn at the times herein in question or if you find said defendants held themselves out as partners at such times, and you fail to find that the moneys and credits herein in question were advanced by the plaintiff on the credit of the partnership, then your verdict should be for the defendant Prahl."

We think this instruction stated the law and should have been given. In view of the fact that all of the notes, on their face, were the individual obligation of Milburn, it was clearly incumbent upon the plaintiff to establish by a preponderance of the evidence that the money was advanced to and on the credit of the partnership (*Kempton v. People*, 139 Ill. App. 563) whether they found that a partnership existed or that Milburn and Prahl held themselves out as partners, and also, in the latter event, that they relied upon such holding out in making the loans. 47 C. J. 712, sec. 107. The individual signature of Milburn raised a strong presumption that the notes were his individual contracts, and it is incumbent upon the plaintiff to show that it was a partnership transaction. 47 C. J. 841, sec. 304.

Instruction No. 2, asked by defendant and refused, is substantially the same as No. 1 above quoted and should have been given if No. 1 was refused.

One of the principal questions for the jury to determine was whether the arrangement between Milburn and Prahl constituted a partnership relation, or that of landlord and tenant, and by instruction No. 3 asked by defendant and refused, the court was asked to instruct in effect that

the receipt of a part of the profits as rent for the use of property does not in itself constitute a partnership, and that farming contracts whereby the owner of land agrees with another that the land shall be occupied and cultivated by the latter each to furnish part of the seed, implements and stock, products to be divided at the end of a given term or sold and the proceeds divided, are not ordinarily construed as creating a partnership between the parties, in the absence of evidence clearly manifesting an intention to form a partnership.

Where a portion of the profits, gross or net, is to be received by one party as compensation for the use of his property, real or personal, this does not constitute a partnership. *Gillispie v. Bohling,* 107 Neb. 357, and cases cited. "An indefinite compensation out of profits for the use of property, real or personal and dependent upon the success of the business, is in lieu of rent and does not constitute the owner a partner *inter se.*" 1 Bates, Partnership, sec. 45.

This instruction is probably defective as requiring a greater degree of proof than a preponderance of the evidence, but we think that the defendant was entitled to an instruction correctly stating the rule of law on that subject. *Pospisil v. Acton,* 118 Neb. 200.

Although the court stated this proposition as one of the defenses, it gave no instruction as to the legal position of the parties if the jury found the facts as claimed by defendant.

This case has been tried to a jury three times with a verdict against the defendant every time and it is therefore with considerable reluctance that we find it necessary to reverse this judgment. We are informed by the appellant's reply brief that the instructions given upon the former trials were identical with those now under consideration, but we have not found it necessary heretofore to consider the instructions. The first verdict was set aside by the trial court and the second by this court for error in the rejection of evidence and undue restriction of the cross-examination of plaintiff's witnesses. We are, therefore,

compelled to disregard the outcome of the former trials, and, for error in the giving and refusal of instructions upon this trial, to reverse the judgment and remand the cause for further proceedings in accordance herewith.

REVERSED.