L. CLYDE FRAZIER, APPELLEE, V. LELAND S. BROWN ET AL., APPELLANTS.

FILED APRIL 21, 1933. No. 28313.

*Frank J. Munday* and *Denney & Denney*, for appellants.

*McNeny, Gilham & Sprague, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DEAN, J.

Defendants appeal from a judgment against them in favor of plaintiff. The action was in Webster county. Plaintiff sued to recover $1,250 which he alleged he loaned, on or about January 17, 1931, to Leland S. Brown, Ralph E. Cressey and the Cressey Nu-Wae Shoe Company, hereinafter called the company.

All defendants are nonresidents of Webster county. Defendant Brown was served while in that county and the other defendants were served in Jefferson county where they reside.

Cressey and the company entered separate special appearances and objections to the jurisdiction over their persons on the ground that there was no joint liability against them and Brown; that Brown was not properly joined; that he was made a party, not in good faith, but for the sole purpose of alleging a cause of action against him in Webster county; and that said Brown cannot be held connected with the cause of action.

The district court overruled the special appearances and gave the defendants time to answer. Cressey and

the company severally answered, setting up, among other things, that the plaintiff purchased stock in the company with the $1,250, and that there was no promise on their part to repay the money. Each also preserved in the answer the objections to the jurisdiction on account of the misjoinder with defendant Brown. This was proper. *Gaines v. Warrick*, 113 Neb. 235. This lack of jurisdiction was one of the issues in the trial of this case.

The evidence was in conflict on all the issues.. There was ample testimony from which the jury might have found that there was no joint liability of Cressey and the company with Brown, and that there was no promise of Brown to repay the money to the plaintiff. The court did not in his general instructions to the jury submit the issue raised by the special appearances of Cressey and the company and pleaded over in their answers. These two defendants specifically tendered instructions submitting that issue to the jury, but the instructions were refused. It is true that defendant Brown tendered on his own behalf and the court gave at his request two special interrogatories. One of these asked whether Brown jointly with the other defendants borrowed the money, and the other asked whether Brown promised to pay the sum for money borrowed. The jury answered both questions in the affirmative. There was no reference in the general instructions to these interrogatories. Neither in the questions themselves, nor connected with them in any way, did the court instruct the jury that their findings thereon must be based upon the preponderance of the evidence. With such a qualification as to *quantum* the jury might have answered these questions in the negative. This lack of qualification as to the special interrogatories may have induced the general verdict for the plaintiff by destroying the *quantum* of a preponderance of evidence set forth in the general instructions.

The special interrogatories were not asked by the defendants Cressey and the company. They had their

748

theory of defense, a part of which was based on their objections to the jurisdiction. It should have been submitted to the jury. It is fundamental that: "It is the duty of the court to instruct the jury upon the issues presented by the pleadings and evidence, whether requested so to do or not." *Blue Valley State Bank v. Milburn,* 120 Neb. 421. Conversely, it is error for the court to refuse to give an instruction to the jury which fairly reflects a defense that has been made an issue by the pleadings and the evidence adduced and where such theory has not been covered by other instructions given by the court of its own volition.

For the reasons given, the judgment of the district court is reversed and the cause remanded.

REVERSED.