THOMAS R. KIMBALL, APPELLEE, v. WILLIAM H. LANNING, APPELLANT.

FILED DECEMBER 15, 1917. No. 19790.

1. **Trial: INSTRUCTIONS.** It is reversible error for the trial court to fail to instruct the jury respecting the law that is applicable to the material issues that are raised by the pleadings and that are supported by the proof.

2. **Contracts: ACTION FOR SERVICES: INSTRUCTION.** Where, in an action brought to recover for professional services, defendant pleaded a total failure of consideration, and where there was proof that tended to support such plea, and where defendant sought to recover a payment made to plaintiff by him to apply on account of such services, the court should in such case have instructed the jury that, if they found from the testimony that there was a total failure of consideration, in such event their verdict should be in favor of defendant and the amount of his recovery should be the amount that he had paid to plaintiff, with interest.

3. ——: ——:. ——. Where defendant made a payment to plaintiff to apply on account of professional services, a part of such services having been performed and a part to be thereafter performed, in an action by plaintiff to recover for such services it is error for the court to fail to instruct the jury that if they found for plaintiff they should deduct from their verdict the amount so paid by defendant.

4. Trial: INSTRUCTION: INTEREST. Where a prevailing party to an action is entitled to any interest, it is error for the court to fail to instruct the jury respecting the rate of interest that it may assess in its verdict.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Reversed.*

J. W. James, Stiner & Boslaugh and E. J. Clements, for appellant.

Charles Battelle and J. A. Gardiner, contra.

DEAN, J.

Thomas R. Kimball is an architect residing at Omaha. He sued William H. Lanning, a resident of Hastings, to recover $6,727.31 with interest thereon at the rate of 7 per cent. per annum from August 8, 1912, as a first cause of action. On a second cause of action he seeks to recover $355.79 with interest thereon at the rate of 7 per cent. per annum from October 20, 1911. This action is to recover for professional services. Plaintiff recovered a verdict and judgment for $6,784.50 on both causes of action, from which defendant has appealed.

Some time before May 16, 1910, that being the date of the employment of plaintiff, Mr. Lanning planned to build a hospital at Hastings to the memory of a daughter then lately deceased. After the usual preliminary negotiations plaintiff was employed to prepare plans and specifications and to supervise the building of the proposed structure at an agreed fee of 7½ per cent. of the total cost of the building, and an additional sum to cover the added cost of the expense of supervision by reason of the fact that it would

Kimball v. Lanning.

necessitate plaintiff leaving his home and being for a part of the time at Hastings. It was at first provided that the memorial building should cost '$60,000. By subsequent changes in the plans the cost was raised to $70,000 or $75,000. Up to this point there seems to have been no dispute between the parties. The record shows that some other changes in the plans were talked about and were the subject of correspondence. Soon after the 7th of January, 1911, plaintiff advertised for bids. The bids received showed offers to erect the building to completion for sums approximating from $107,000 to $110,000. When defendant discovered that the cost of the building would be so greatly in excess of the amount that he maintains was agreed on between the parties, he refused to accept the plans or to pay the architect for his services. Plaintiff then commenced this action.

It is regrettable that in the present state of the record we find that we cannot properly dispose of the case on its merits and thus end the litigation. We cannot do so for the reason that there are some charges raised by the pleadings and supported by proof for which the parties each respectively contend for a recovery but upon which the court gave no instructions to the jury. One of these is a payment of $1,000 by defendant to plaintiff and for which defendant demands judgment on a plea of failure of consideration. Another is a claim for interest approximating $1,500 made by plaintiff. Another is defendant's right in any event for credit for the $1,000 that he paid to plaintiff.

So far as the record shows it is unknown whether the jury deducted the $1,000 that was paid to plaintiff by defendant and reduced the amount of their verdict by that sum, or whether the jury in its deliberations considered plaintiff's charge for interest. Plaintiff seems to assume that the jury did not include interest in its verdict, because on February 21, 1916, three

days after it was returned, he filed a motion demanding the court "to allow him interest on the sum of $6,727.31, at the rate of 7 per cent. per annum, from the 8th day of August, 1912, as prayed in plaintiff's petition." This motion was overruled, and plaintiff excepted, but filed no cross-appeal.

Defendant contends that the case should be reversed because the court failed to properly instruct the jury respecting the measure of damages, and argues that instruction numbered 10, given by the court on its own motion, and the only instruction that refers to that subject, is erroneous because of its omissions in this particular. The instruction complained of follows:

"The court instructs you, gentlemen of the jury, that if you find from the evidence in this case that the plaintiff is entitled to recover on his first cause of action, then the measure of damages which he would be entitled to recover would be the contract price for his services, less whatever sum you find from the evidence it would have cost him to complete the performance of the contract according to its terms."

The instruction as given does not seem properly to cover the measure of damages that should be applied to the facts in the present case. The jury should have been instructed with respect to the rate of interest, if any, that plaintiff was entitled to recover. It should also have been informed that defendant was in any event entitled to credit for the $1,000 paid by him to plaintiff. The jury should also have been instructed as to their duty if they found there was a failure of consideration on the part of plaintiff. 2 R. C. L. 400; *Barron Estate Co. v. Woodruff Co.*, 163 Cal. 561, 42 L. R. A. n. s. 125.

Section 7858, Rev. St. 1913, provides: "When, by the verdict, either party is entitled to recover money of the adverse party, the jury in their verdict must assess the amount of recovery."

There is nothing in the verdict from which it may be inferred that interest was included therein, nor that it was the intention of the jury that interest should be added to the amount of the recovery returned by their verdict. If the action had been on a promissory note, or on a contract that named a rate of interest, its intention in this respect might have been discovered from the verdict and the court could have computed the interest. But that is not the case before us. *Wiruth v. Lashmett*, 85 Neb. 286. We cannot gather from the record that the jury considered the payment made by defendant to plaintiff upon any theory presented by the record before us.

In view of the errors pointed out, the judgment of the trial court is reversed and the cause remanded for further proceedings.

REVERSED.

LETTON and SEDGWICK, JJ., not sitting.