GRACE M. COTTEN, GUARDIAN, APPELLEE, v. FRED STOLLEY, JR., APPELLANT.

FILED MAY 12, 1933. No. 28569.

*Cleary, Suhr & Davis,* for appellant.

*B. J. Cunningham* and *H. G. Wellensiek, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, and PAINE, JJ., and MESSMORE, District Judge.

DAY, J.

This is an action by the guardian to recover damages for personal injuries sustained by Alta Cotten when she was struck by defendant's automobile. The petition of the plaintiff, as well summarized in the appellant's brief, alleges that on March 17, 1931, Alta was walking in a northerly direction on the right-hand side of a highway in Grand Island, pushing a baby cart in which a child was riding; that the defendant drove an automobile in the same direction on said highway upon and against Alta Cotten, striking her with a bumper and throwing her on the highway; that Alta's head was bruised, lacerated, and injured thereby, her skull fractured and various other bruises and cuts inflicted; that her injuries are permanent; that she is unable to perform manual labor, is nervous, has dizzy spells, and suffers other similar dis-

abilities; that the defendant was negligent in failing to sound his horn, failing to slacken his speed, failing to turn to the left of Alta Cotten, and failing to have his automobile under control. The answer of the defendant admitted that he was driving upon the road in question at the time alleged, and denied all other allegations of the petition. The answer also alleged that Alta Cotten was at the time of the accident careless and negligent in that she walked on the pavement in the nighttime without looking out for automobile traffic and without taking care to avoid being struck by one approaching behind her; that the traffic was heavy, and that she walked carelessly and negligently directly into the line of travel and immediately into the path of defendant's automobile without looking for approaching cars, and her injuries, if any, were the direct and proximate result of her own negligence, and not the result of any negligence on the part of defendant. The reply was a general denial. Upon a trial, a verdict, signed by ten jurors, was for $7,000, and defendant appeals from judgment thereon.

At the close of the evidence, the court sustained the motion of the plaintiff to withdraw the defense of contributory negligence from the consideration of the jury upon the ground that there was no evidence to support it. This is the basis of the assignment of error upon which the appellant principally relies. The trial court took the view that the plaintiff had a right to walk upon the highway, and that the mere fact that she did so walk was not as a matter of law evidence of contributory negligence. The plaintiff testified that she was walking upon the graveled shoulder of the paved highway, and not upon the pavement. The defendant and his wife testified that they did not see Alta Cotten until they realized they had struck something, and when they alighted from their car they found Alta Cotten lying on the pavement in an injured condition. The defendant undertook to prove by a witness that he had seen a woman pushing a baby cart on the pavement some time prior

to the accident and some distance away. This was too remote to be pertinent, as one might be negligent at another time and place, and at the time of an accident at another time and place have used the highest degree of care. The trial court properly sustained an objection to the admission of this testimony on the theory, as shown by the record, that it was an attempt to impeach Alta Cotten as a witness upon an immaterial matter, since, in the view of the trial court, it was immaterial whether Alta Cotten was walking on the graveled shoulder of the highway or upon the pavement, as a pedestrian had a right to walk in a street or highway, and, in so doing, was not as a matter of law guilty of contributory negligence. The burden of proving contributory negligence, which is an affirmative defense, is upon the party pleading it and must be established, if at all, by a preponderance of the evidence pertinent to that issue contained in the whole record. *Schrage v. Miller,* 123 Neb. 266; *Vertrees v. Gage County,* 81 Neb. 213.

Is the evidence in this case, which establishes that Alta Cotten was walking either upon the right-hand side of the pavement or upon the graveled shoulder to said pavement, proof of contributory negligence on her part? There is no presumption of contributory negligence in this case. In *Engel v. Chicago, B. & Q. R. Co.,* 111 Neb. 21, it was held: "Where there is no eyewitness, no direct evidence of the accident causing the injury, the facts and circumstances may be proved by circumstantial evidence, and the presumption is raised by the instinct of self-preservation on behalf of the deceased that he was not guilty of contributory negligence, but was in the exercise of due care and caution for his own safety, unless the contrary is shown." The rule applicable to this situation is stated by one authority as follows: "Pedestrians have the right to use a public street at any time of day or night. * * * They have a legal right to travel in the street, * * * and the mere fact that one does so, does not render him guilty of contributory negligence

as a matter of law." 13 R. C. L. 291, sec. 242. In an annotation, 67 A. L. R. 109: "The rule is generally recognized that, in the absence of applicable statute or ordinance, a pedestrian has the right to walk longitudinally in a street or highway, and is not, as a matter of law, guilty of contributory negligence in doing so." In *Hatzakorzian v. Rucker-Fuller Desk Co.*, 197 Cal. 82, 41 A. L. R. 1027, it is held that the common-law rule that pedestrians have a right to travel anywhere upon a public highway has not been changed in California by the legislature. And again, in *Kofoid v. Beckner*, 70 Cal. App. 624, it was said: "Notwithstanding the fact that the number of reckless drivers have rendered the paved portion of our highways a danger zone, pedestrians have a right to the use thereof, and are chargeable only with such ordinary and reasonable care for their own safety as a prudent person would ordinarily exercise." In *Pixler v. Clemens*, 195 Ia. 529, it was held that it is not contributory negligence, as a matter of law, to walk along the side of the road. There is no statutory provision in this state restricting the use of the highway by a pedestrian, and while a pedestrian walking on the highway is bound to exercise reasonable and ordinary care for his safety, one who is walking either on the right hand edge of the pavement or on the graveled shoulder adjacent thereto is not guilty of contributory negligence as a matter of law. In 42 C. J. 1146, the rule is stated as follows: "In the absence of statutory restriction, a pedestrian traveling on a street or highway is not confined to the use of the sidewalk or footpath, but has a right to walk in the roadway, and is not negligent as a matter of law in so doing. * * * A person walking in the roadway is bound to use ordinary care to discover approaching motor vehicles, and a failure so to do is negligence; but he is not as a matter of law negligent in failing to turn about constantly and repeatedly to observe the possible approach of vehicles from behind him, especially where there is ample room for an automobile to pass him." There

is no evidence of contributory negligence on the part of Alta Cotten, even if she were walking on the pavement in the line of traffic, as is contended, though not proved, by the defendant.

The testimony is that Alta Cotten was walking upon the right side of the road, on the graveled shoulder off the pavement, that she was hit by the right lamp and right side of bumper, hit the right fender and was found on pavement back of car; that plaintiff was driving close to right side of pavement at time of accident. While this testimony cannot be wholly reconciled, in any event, the only inference which can be drawn from it is that Alta Cotten was walking carefully along the right side of the road. There is no eyewitness to the accident, as Alta was hit in the back, and defendant and his wife did not see her until after the accident, when they found her on the pavement. It would have been physically impossible for her to have been in the middle of the pavement, as argued, but not proved, by appellant, if, as he testified, he was driving near the right edge of the pavement, since the right side of his car hit her. She was not negligent as a matter of law, and the trial court very properly withdrew the question of contributory negligence from the consideration of the jury.

The appellant relies upon a line of cases wherein different situations obtained at the time of the accident, such as plaintiff crossing a highway carrying heavy traffic (*Pollock v. McCormick,* 169 Minn. 55; *Schmitt v. Jackson,* 174 Minn. 577; *Neeb v. Jacobson,* 245 Mich. 678), upon which construction work was being done (*Leary v. Fisher,* 248 Mich. 574) ; or under the evidence does not represent the rule in this state, as where an automobile slid across the road, hitting plaintiff in a footpath on other side of pavement (*Work v. Philadelphia Supply Co.,* 95 N. J. Law, 193).

Where, as in this case, there is no evidence to support a finding of plaintiff's contributory negligence, the trial court should withdraw the question from the consider-

ation of the jury. There is no evidence that the injured girl was not exercising ordinary and reasonable care in walking down the highway.

While, on the other hand, the evidence establishes that the defendant was guilty of negligence as a matter of law, for in *Roth v. Blomquist,* 117 Neb. 444, we held that it is negligence, as a matter of law, for a motorist to drive an automobile so fast on a highway at night that he cannot stop in time to avoid a collision with an object within the area lighted by his lamps. In this case, it is further said: "There are recognized exceptions to the general rule or instances to which it does not apply, among them an unbarricaded, unknown, open, unlighted ditch across a highway that could only be seen at close range and not anticipated (*Tutsch v. Omaha Structural Steel Works,* 110 Neb. 585) ; corner of a platform with a narrow edge extending from a drag line over a street car track and discernible only in close proximity to the obstruction (*Day v. Metropolitan Utilities District,* 115 Neb. 711) ; an obstruction consisting of a pile of gravel similar in color to the surface of the highway (*Frickel v. Lancaster County,* 115 Neb. 506)."

More recently this court, in similar situations, has held other exceptions to be an unlighted and unguarded vehicle standing on a highway on a dark misty night. *Giles v. Welsh,* 122 Neb. 164; *Johnson v. Mallory,* 123 Neb. 706. The evidence in this case does not present a situation at the time of accident which would constitute an exception to the general rule. The pavement was dry and clear; defendant's lights were in good order, lighting the entire road, so that defendant could see it plainly at the time of the accident. Pedestrian lawfully on a highway may rely on reasonable care of automobile drivers, and is not negligent, as a matter of law, in failing to anticipate driver's negligence.

The plaintiff's right to maintain this action as the guardian of Alta Cotten is challenged by the appellant for that it is alleged she failed to prove any right to

maintain this action, for there is nothing in the record to indicate that the injured girl was an incompetent person. Section 38-502, Comp. St. 1929, authorizes a guardian to bring an action for the ward. The best evidence that the plaintiff was the guardian for Alta Cotten would have been the record of her appointment. The plaintiff testified, without objection, that she was the mother of Alta Cotten, and had been appointed guardian for her, and that she was still acting as guardian at the time of the trial. This evidence establishes the fact that plaintiff was the guardian of Alta Cotten. We have recently held that parol evidence is sufficient to establish a fact, though it is secondary evidence and primary evidence was available, where it is received without objection, particularly where there is no evidence in conflict. *Western Securities Co. v. Naughton, ante,* p. 702. This rule is supported by authority. In 2 Jones, Commentaries on Evidence (2d ed.) 1435: "The rule excluding secondary evidence, when that which is primary is attainable, is not so rigid as to be enforced if no objection is made by the party against whom the inferior evidence is offered. It frequently happens that secondary evidence is admitted, and thus becomes primary, when it might have been excluded if proper objection had been taken. If the opponent is lax and permits secondary evidence to be given when he might have insisted upon the primary evidence or none at all, an appellate court will not come to his assistance."

At 22 C. J. 977, the rule is given: "Before evidence can be excluded on the ground that it is secondary it must appear either from the nature of the fact to be proved * * * that there is higher evidence in existence * * *; that it is material, relevant, and competent to prove the fact; and that if produced it would more satisfactorily explain and establish the fact than the evidence offered. Consequently if evidence of a fact, although secondary in its nature, is admitted without objection, it is competent proof of the fact."

In *Salistean v. State,* 115 Neb. 838, we held: "Secondary evidence of a fact in issue received without objection is thereby, in law, evidence tending to prove such fact and may be considered as such."

The only other assignment of error that is argued in the briefs (others are waived) is that the verdict is excessive. When injured, Alta Cotten was twenty years of age, with a life expectancy of 41.53 years, in good health, able to do housework, earning one dollar a day, board and room. She was struck in the back with sufficient force to bend the automobile lamp back and to make a dent in the fender, causing numerous bruises and contusions over her body, and a fracture of the skull. She was confined to the hospital for a week, and when taken home by her mother required the care of a baby, as she was unable to control her bowels and kidneys. She suffered much pain and still complains of pains in her back and head. She is nervous, irritable, and unable to sleep nights. She is unable to work as before and has a greatly impaired memory. The extent of the injury rests entirely upon the testimony of the medical experts, called in behalf of the plaintiff, as the appellant did not introduce any medical testimony. The evidence of the medical experts, together with the other evidence as to the injuries, and the evidence relating to expenses for medical attention and hospital bills, is sufficient to support the amount of the verdict. We have examined the record and especially those assignments of error argued by appellant and find no reversible error, and the judgment of the district court is accordingly

AFFIRMED.