EVA SPITTLER, APPELLEE, V. ROBERT CALLAN, APPELLANT.

FILED JUNE 8, 1934. No. 28970.

*Kennedy, Holland & DeLacy*, for appellant.

*Fogarty, Meile & Kennedy, M. J. Gardiner* and *Emmet L. Murphy*, contra.

Heard before GOSS, C. J., GOOD, EBERLY, DAY and PAINE, JJ., and RAPER and TEWELL, District Judges.

Goss, C. J.

Plaintiff had a verdict and judgment for $2,000. On hearing the motion for a new trial the court ordered a remittitur of all in excess of $1,200. Plaintiff complied, and defendant appealed.

The action arose out of a collision of the car in which plaintiff was riding and the car of defendant. The collision occurred at the intersection of Fifty-first street and Poppleton avenue in Omaha, between 8:30 and 9:00 o'clock p. m., June 5, 1932. Both streets are paved. The car in which plaintiff was riding was going north on Fifty-first street. It was a Chevrolet roadster with a rumble seat, was owned by Mr. Heft, but was driven by Mr. Zack. All the occupants were in the front seat, Zack at the wheel, Mrs. Shepard in the middle, and Heft at the right, with Mrs. Spittler on his lap. Defendant was driving his 1928 Chrysler coach west on Poppleton avenue, with his wife in the seat beside him and their two children in the rear seat. To reach the intersection both cars traveled over pavements that ascend between four and five feet to the hundred.

Each party claims to have reached the intersection first and blames the collision on the other. Plaintiff asserts that the "front corners of the two cars collided near the manhole" (which was in the exact center of Poppleton avenue and four feet east of the center of Fifty-first street). Defendant testified that the front of the Chevrolet car struck his car "just about where the left front fender fastens onto the running board." We are not left in doubt as to the truth of this particular statement. Photographs of the two cars were introduced by defendant, and plaintiff's counsel expressly stated that he offered no objections. These show that the rear part of defendant's front left fender was rolled and crumpled tightly against the car and the latter was considerably indented as to the hood and body in front of the cab. There appears no injury to the front of defendant's car except as to the front part of the fender which was bent by the

impact on the rear part of it, pulling the front of the fender to the left and over the wheel. The Chevrolet picture shows that its front bumper was missing and its right front fender was jammed backward so that the front of it reached almost to the top of the wheel. The right door was torn off and the rear right fender was somewhat crumpled toward the car. These two items evidently occurred when, after the initial impact, the Chevrolet car turned west and the Chrysler car turned northwest, bringing them together at their rear fenders for a moment. This also probably accounts for indentations on the left rear fender of the Chrysler, shown in the picture. These pictures clearly indicate that the car in which plaintiff was riding struck defendant's car back of its left front wheel or at least back of the center of that wheel.

Defendant requested, and the court refused, an instruction as follows:

"You are instructed that it appears from the evidence that the car in which the plaintiff was riding was being driven North on Fifty-first street, and that the defendant's car was being driven west on Poppleton avenue. Now you are instructed that under such circumstances the defendant's car was the car to the right, and you are instructed that by the statutes of Nebraska it is provided that—'When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.' You are instructed that it is further the law that the vehicle in the intersection first has the right of way. Now you are instructed that, in considering the question whether the defendant was guilty of negligence, you may take into consideration the statute above quoted, and the fact that the defendant's car was the car to the right, and all other circumstances as shall be the evidence in the case."

The statute quoted in the proposed instruction is found at the beginning of section 39-1148, Comp. St. Supp. 1931. There was evidence on behalf of defendant warranting a

finding of the jury that he approached and entered the intersection at approximately the same time as the other car and indeed there was evidence from which the jury might find that defendant's car entered the intersection first. He was entitled to an instruction on this phase of his theory of the case. His proffered instruction covered it. The court refused it. The only instruction the court gave on this particular point was embodied in the court's instruction No. 8, covering other features as well, but containing these words:

"Ordinarily the first car entering an intersection has the right of passage across an intersection and it is the duty of drivers of automobiles to keep a careful lookout and control of their cars so that the first cars at intersections shall enjoy the right of continuous passage, and it is the duty of those driving cars that are second at the intersection to slow up and give way to the rights of the first cars at the intersections."

The legislature intended to try to do away with some of the causes of collisions at intersections. So they framed this rule giving the right of way to the car on the right provided it either *entered* or *approached* the intersection first. The instruction given by the court omitted the statutory call that, of two cars *approaching* an intersection at approximately the same time, the car on the left shall yield the right of way to the one on the right. Because of this omission the court's instruction was erroneous. Not having properly covered the point in the instruction given on the court's own motion, the failure of the court to give the instruction requested by defendant, or one of like import, was prejudicially erroneous.

"It is the duty of the court to instruct the jury upon the issues presented by the pleadings and evidence, whether requested so to do or not. * * *

"The refusal of the court to give instructions requested by the defendant upon issues presented by the pleadings and evidence, and not covered by the instructions given by the court upon its own motion, may be ground for

reversal of the judgment." *Blue Valley State Bank v. Milburn,* 120 Neb. 421.

Because of the error pointed out, the judgment of the district court is reversed and the cause is remanded for a new trial.

REVERSED.