CARL A. CARLSON, APPELLANT, V. ALBERT E. ROBERTS, APPELLEE.

274 N. W. 473

FILED JULY 6, 1937. No. 30027.

*Lloyd E. Peterson* and *Sam C. Zimmerman,* for appellant.

*Loren H. Laughlin, contra.*

Heard before ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and HASTINGS and RINE, District Judges.

HASTINGS, District Judge.

This action was brought to recover damages for personal injuries sustained to the plaintiff, Carl A. Carlson, as a result of having been struck by an automobile owned and driven by the defendant, Albert E. Roberts, on the evening of October 20, 1935, on U. S. highway No. 6 in the unincorporated village of Emerald. The trial resulted in a verdict and judgment for the defendant, from which plaintiff appeals.

Plaintiff alleges in his petition that the collision and his injuries were caused by certain negligent acts of the defendant in the driving of his automobile against plaintiff while he was walking on the shoulder of the highway.

The answer of the defendant admitted that he struck the plaintiff with his automobile, but without fault or negligence on his part, and that the collision, and alleged injury to plaintiff, was caused by acts of contributory negligence which are set out in detail therein. The alleged acts of contributory negligence were put in issue by the reply of plaintiff.

The record shows that the traveled portion of the highway at or near the point where the collision occurred consists of brick pavement about 16 feet in width, with a flat cement curbing one foot wide on each side, practically level with the shoulders of the highway. The accident complained of occurred about the hour of 6:00 or 6:10 p. m. of said day. At the time of the collision it was dusk and raining or misting to such an extent that visibility was impaired. The evidence of the plaintiff and of the defend-

ant is in conflict as to where in the highway the collision occurred.

It appears from the testimony of the plaintiff that he parked his car in front of a store on the north side of the highway, and that some time thereafter he went to get his car, but was unable to drive it from the place he had left it to the paved part of the highway owing to the muddy and slippery condition of the ground. From there he went to a garage to get help to move it. The garage was located between 600 or 700 feet west of his car, on the south side of highway No. 6, where that highway was intersected by a county graveled highway running north and south. On being assured at the garage that help would be sent to move his car, he started back to his car, and in doing so he walked along the south shoulder of the paved highway about two feet from the south edge of the pavement. After he had proceeded east about 100 or 150 feet, he was struck by defendant's car on his left leg and was thrown up along the fender and back to the front door of the car, and he then fell to the ground. The shoulder of the highway, on which plaintiff was walking at the time of the accident, was partially graveled, but muddy, and the reason plaintiff gave for not walking upon the pavement was that the traffic was heavy thereon.

It appears from the testimony of the defendant that he was driving his car eastward on the highway, about four or five feet north from the south edge of the pavement, at a speed of about 25 miles an hour, with his lights on, and that he first saw plaintiff eight or ten feet ahead of him directly in front of his car, with his back toward him; that he immediately turned his car to the left and applied his brakes; that the right end of the front bumper struck the plaintiff below the knee, and thereupon plaintiff slid back over the right fender and struck the front corner of the door post and he then fell to the ground. Defendant stopped his car about 25 feet from where he first saw plaintiff.

One of the several assignments of error is that the trial

court erred in refusing to give instruction No. 1, requested by plaintiff. The requested instruction is as follows: "Defendant claims contributory negligence on the part of the plaintiff. This is an affirmative defense and in order to avail himself of the same it is necessary for the defendant to prove it by a preponderance of the evidence." The court gave no instruction upon this issue. We have repeatedly held that the burden of proving contributory negligence, an affirmative defense, is upon the party pleading it, and must be established by a preponderance of the evidence. *Rapp v. Sarpy County*, 71 Neb. 382, 98 N. W. 1042; *Vertrees v. Gage County*, 81 Neb. 213, 115 N. W. 863; *Schrage v. Miller*, 123 Neb. 266, 242 N. W. 649; *Cotten v. Stolley*, 124 Neb. 855, 248 N. W. 384; *Pinches v. Village of Dickens*, 127 Neb. 239, 254 N. W. 877.

Counsel for appellee recognizes this rule, but urges that the instruction tendered does not correctly state the law, in that it does not contain the qualification—"unless they find from the plaintiff's own evidence that he was guilty of contributory negligence." There is nothing in plaintiff's evidence that would warrant the adding of that qualification to the instruction. In *Cotten v. Stolley, supra,* we held:

"Pedestrian has right to walk longitudinally in highway, unless forbidden by statute, and is not, as a matter of law, guilty of contributory negligence in so doing.

"Pedestrian lawfully on highway may rely on reasonable care of automobile drivers, and is not negligent, as a matter of law, in failing to anticipate driver's negligence."

Plaintiff, in walking along the shoulder of the highway, had a right to assume that automobile drivers would use the paved part of the highway intended for their use, and was not required to anticipate that a driver would not do so. Furthermore, it was the duty of the court to instruct the jury upon the issues presented by the pleadings and evidence, whether requested so to do or not. *Kimball v. Lanning*, 102 Neb. 63, 165 N. W. 890; *Blue Valley State Bank v. Milburn*, 120 Neb. 421, 232 N. W. 777; *Spittler v. Callan*, 127 Neb. 331, 255 N. W. 27; *Wagner v. Watson*

*Bros. Transfer Co.,* 128 Neb. 535, 259 N. W. 373. If, as contended by counsel for defendant, the tendered instruction is defective in form, it was the duty of the court to prepare and give a proper instruction upon the point covered by the request. *Pospisil v. Acton,* 118 Neb. 200, 224 N. W. 11. The instruction tendered, or one of similar import, should have been given, and the failure to do so constituted error.

At the close of the evidence plaintiff made a motion "that the defense of contributory negligence be removed from the jury on the ground that there is no sufficient evidence to substantiate said defense of contributory negligence." The court overruled the motion and that ruling is assigned as error. Error was not committed, by the court in its ruling.

Under the pleadings and the evidence, whether plaintiff was guilty of any one or more of the acts of contributory negligence alleged by defendant was for the jury to determine under proper instructions.

The conclusion reached renders unnecessary a consideration of other alleged errors.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED.