VERNON WAGNER, ADMINISTRATOR, APPELLEE, V. WATSON BROTHERS TRANSFER COMPANY, APPELLANT.

FILED MARCH 12, 1935. No. 29156.

*Rosewater, Mecham, Shackelford & Stoehr* and *Tyler & Peterson,* for appellant.

*John C. Mullen* and *J. H. Falloon, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and CHASE, District Judge.

CHASE, District Judge.

This is an action brought by the administrator of the estate of Otis Wagner to recover damages for his wrongful death. The testimony shows that on the night of March 24, 1933, a Ford automobile driven by one Jake Sailors, in which the plaintiff's deceased was riding, collided with a truck owned by the defendant and driven by one of its servants. The collision occurred on Highway No. 73 about nine miles west of Falls City, Nebraska. The case was tried to a jury resulting in a verdict for $4,000 for the plaintiff. The trial court required the plaintiff to remit $278 and rendered judgment for the sum of $3,722. From the order overruling the motion for new trial, the defendant has brought the case here for review.

Several assignments of error are relied upon for re-

versal. The principal complaint is that the trial court failed to define "proximate cause" and instruct the jury upon its own motion as to that issue. Another is that the trial court refused a proffered instruction on behalf of defendant which presented that issue in connection with contributory negligence. These two propositions are so closely related that they may be discussed as one.

By resort to the pleadings, it appears that the plaintiff in his petition, after alleging the facts as to how the accident occurred, states that the wrongful, careless and negligent acts of the defendant, its agents and servants were the sole and exclusive cause of the death of said Otis Wagner. The defendant answered traversing the allegations of negligence contained in the petition, and pleading further that the negligence of the driver of the automobile in which the deceased was riding was the proximate cause of the decedent's injury.

The record discloses that there is ample evidence supporting the allegations of the petition and also the allegations of the answer to justify the court in submitting that issue of fact to the jury, which issue was, by the pleadings and the evidence, made one of the principal issues for their determination. Nowhere in the instructions did the trial court either define the term "proximate cause" or submit that question in any form to the jury.

It is a well-settled rule that the negligence of one person cannot be the basis of an action for damages resulting to another unless it be shown that such negligence was the proximate cause of the injury to the damaged party. "Unless the injury received by plaintiff was a natural and probable consequence of the negligence of defendant with no intermediate causal agency, there can be no liability. *Kitchen v. Carter*, 47 Neb. 776." *Merkouras v. Chicago, B. & Q. R. Co.*, 104 Neb. 491. The courts are so uniformly in accord that the doctrine of proximate cause is a necessary ingredient of an action to recover damages for an injury to one party founded upon the negligence of another that it is useless to devote further time to the discussions thereof.

This court has held on numerous occasions that it becomes the duty of the trial court to instruct the jury upon the law of the case when made applicable by the pleadings and the evidence. *Hauber v. Leibold*, 76 Neb. 706; *Aultman & Co. v. Martin*, 37 Neb. 826; *Sandwich Mfg. Co. v. Shiley*, 15 Neb. 109; *Blue Valley State Bank v. Milburn*, 120 Neb. 421. Clearly, it is one of the many functions of the trial court to present to the jury as clear and intelligent an understanding of the material issues presented by the pleadings and the evidence as lies within its power. The trial court, not having defined proximate cause, deprived the jury of an opportunity of considering that doctrine as one of the material issues of fact.

Complaint also is made that the trial court refused a proffered instruction on the part of the defendant. This instruction did not embody any definition as to the meaning of the term proximate cause. It merely told the jury that, if they found the conduct of Jake Sailors while operating the automobile was the proximate cause of the death of Otis Wagner, they must find for the defendant. The giving of this instruction could not have cured the error committed by the trial court in failing to tell the jury the meaning of the term proximate cause.

In view of the foregoing, we must conclude that the trial court did not instruct the jury as to the law of the case, and that such failure constituted error. For obvious reasons, it becomes unnecessary to discuss other propositions relied upon for reversal. The judgment is, therefore,

REVERSED.