EILEEN TENBORG, APPELLANT, V. CHESTER DILLIE, APPELLEE.

271 N. W. 689

FILED FEBRUARY 19, 1937. No. 29825.

Gaines, McLaughlin & Gaines and L. Q. Hills, for appellant.

Brown, Fitch & West, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and CARTER, JJ., and KROGER, District Judge.

GOSS, C. J.

Plaintiff appealed from a judgment on a verdict favoring defendant in an action for personal injuries received in a collision of automobiles at a paved intersection.

Plaintiff was driving north on Twenty-seventh street and defendant was driving west on Sprague street, in Omaha. The front of defendant's car struck the rear of

plaintiff's car. The latter turned in a northeasterly direction, ran over the curb and back into Twenty-seventh street, where it stopped. Defendant's car stopped in the intersection at about the place of collision. Plaintiff received bruises and other personal injuries. The collision occurred in the early afternoon of Saturday, September 1, 1934, as plaintiff was driving to her place of employment after going to lunch. She returned to her work but quit rather early that day. The next day was Sunday and the following day was Labor Day. On Tuesday morning she returned to work. Her pains persisted and she consulted a doctor, who advised her to go home and go to bed. She went to the home of her parents near Emmet, Nebraska, and returned after ten days and went to work. Her employment has continued permanently, but there was sufficient evidence of doctors who have continued to treat her, and of herself, that she has been so impaired as to make it a question for the jury as to defendant's liability and as to her damages.

The petition alleged that defendant was negligent in the following respects:

"(a) In operating his automobile at a high and excessive rate of speed and in violation of the statutes of the state of Nebraska and the ordinances of the city of Omaha; to wit 40 miles per hour;

"(b) In failing to yield the right of way at said intersection to the plaintiff who had driven into the intersection far in advance of the defendant;

"(c) In failing to have his automobile under proper control;

"(d) In failing to maintain a lookout for the automobile being driven by the plaintiff, which said automobile had entered the intersection and had almost crossed the same;

"(e) In operating his automobile at a rate of speed unsafe and dangerous and such as to endanger life and limb of others under the circumstances; to wit 40 miles per hour;

"(f) In failing to stop his automobile or decrease the

speed of same so as to avoid the collision with the auto-
mobile plaintiff was driving;

"(g) In failing to swerve his automobile so as to
avoid colliding with the automobile plaintiff was driving."

We state these allegations in full because several of them
are interlocking, one with another or with others.

No complaint is made that the court refused any re-
quested instructions.

The first assignment of error complains that the court
failed to instruct the jury as to the rule as to speed set
forth in section 39-1135 of the 1933 Supplement to the
Statutes. Briefly stated, that section makes it *prima facie*
unlawful for a driver to proceed faster than 15 miles an
hour "when approaching within fifty feet and in travers-
ing an intersection of highways when the driver's view
is obstructed. A driver's view shall be deemed to be ob-
structed when at any time during the last fifty feet of his
approach to such intersection, he does not have a clear and
uninterrupted view of such intersection and of the traffic
upon all highways entering such intersection for a dis-
tance of two hundred feet from such intersection." The
section gives local authorities power to increase this speed
at stop intersections.

Though plaintiff pleaded quite a number of acts of negli-
gence committed by defendant, she did not plead that his
view was obstructed. There was evidence from which the
jury might infer that, for a short distance, the view of
both parties was obstructed within the limits prescribed
by the statute. But we think that, in the circumstances, the
rule set forth in the particular statute is a rule of evi-
dence, not required by the court to be given to the jury
in an instruction in the absence of a request by the party
desiring such an instruction and particularly when the
issue is not pleaded. While it is a well-recognized rule that
it is the duty of the court to instruct the jury upon all
points properly pleaded when the evidence supports them,
we know of no rule requiring the court on its own motion
to instruct the jury on a point not made an issue by the
pleadings.

Errors are further assigned that the court failed to instruct the jury as to particular phases of the acts of negligence pleaded and proved so that the jury might be guided in deciding them.

The only instruction given by the court setting out the acts of negligence pleaded by plaintiff was in the first instruction, in which, after telling who the parties were, and the street intersection toward which each was driving, the instruction stated: "Plaintiff alleges that defendant was driving his automobile in a negligent manner and at a high and excessive rate of speed, and plaintiff alleges that she entered the intersection of Twenty-seventh with Sprague street before defendant reached said intersection, and alleges that defendant negligently drove the right front corner of his car against the right rear corner of plaintiff's car."

Possibly the failure to state to the jury the above-pleaded act of negligence "(b)" in failing to yield the right of way at the intersection was cured by the court's instruction No. 8, which gave the jury the rules in such a situation and from which they might understand that such was one of the acts of negligence alleged. But they might also conclude, from the failure to submit other acts, that the acts described were the only acts of negligence to be considered by them in the whole case.

The very general instruction above quoted did not call the attention of the jury to the acts of negligence charged and to a certain extent supported by evidence that the negligence of defendant consisted in not having his car under control, in failing to stop or to decrease his speed and in failing to swerve so as to avoid a collision.

While the evidence did not show that defendant was driving 40 miles an hour as alleged in "(a)" and "(e)," heretofore quoted, yet there was evidence to support the submission to the jury of the charge that he was traveling at an excessive rate of speed in the particular circumstances. Joseph Riley, a witness for defendant, testified that, in his opinion, both parties were going between 25

and 30 miles an hour; defendant applied his brakes before he reached the intersection and left skid-marks there which witness saw later. Plaintiff's witness, Alex Thompson, testified that defendant's car skidded and left skid-marks on the pavement which he inspected and described as extending for 90 feet on the pavement. This evidence required some instruction by which its application to the charge of speed might have been made by the jury.

In other words, it may be said generally that the court should have submitted to the jury each act of negligence charged that finds support in the evidence. "It is the duty of the court to instruct the jury upon the issues presented by the pleadings and evidence, whether requested so to do or not." *Blue Valley State Bank v. Milburn,* 120 Neb. 421, 232 N. W. 777. See *Hall v. Rice,* 117 Neb. 813, 223 N. W. 4; *Brooks v. Thayer County,* 126 Neb. 610, 254 N. W. 413; *Wagner v. Watson Bros. Transfer Co.,* 128 Neb. 535, 259 N. W. 373. A failure so to instruct constitutes reversible error.

Other errors are assigned. As they are not likely to occur on another trial, we omit a discussion of them.

The judgment is reversed and the cause remanded for a new trial.

REVERSED.