EDITH HILDEBRAND, APPELLEE, V. VERYL MCCAULEY ET AL., APPELLANTS.

296 N. W. 434

FILED FEBRUARY 14, 1941.  No. 30964.

John C. Mullen, for appellants.

Gross & Crawford and James J. Gleason, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

MESSMORE, J.

Plaintiff brought this action to recover for personal injuries sustained by her through the negligence of the defendants. The case was tried to a jury, resulting in a verdict for the plaintiff in the sum of $30,000, from which verdict and judgment thereon defendants appeal.

Plaintiff, a young woman, 30 years of age, an employee of a hospital, finished her work about 9 o'clock p. m., August 30, 1938, and because of the rainy night and slippery streets waited until the rain ceased, when she left her place of employment, boarded a street car at Twenty-sixth and Farnam streets in the city of Omaha, to proceed to Twentieth and Farnam, there to transfer to a street car north-bound. Farnam street runs east and west; Twentieth street north and south. Plaintff was seated on the west side of the car, immediately behind the conductor. The street car proceeded east on Farnam street and, on arriving at Twentieth street, came to a complete stop adjacent to the place marked off as a safety zone, the regular and proper place used for loading and unloading passengers. Plaintiff arose to leave the car, one passenger preceding her, and as the right front doors of the street car, facing south, were opened, she started down the steps and had one foot on the pavement when she was struck with terrific force and knocked to the ground, a little toward the front of and south of the steps of the street car, by a Packard sedan driven by Veryl McCauley, Omer Vosges riding with him. She did not see the automobile until it struck her. She was placed in an ambulance and taken to a hospital for treatment.

The Packard sedan was approaching the intersection of Twentieth and Farnam streets at a rate of speed of 30 to 35 miles an hour. One witness, who was driving west on Farnam street, stopped for the traffic lights and, when in his favor, proceeded across the intersection, saw the street car coming to a stop, noticed the Packard sedan behind the street car, heard a crash and looked back. The sedan was skidding along the safety zone. Witness pulled his auto-

mobile to the curb and stopped. The front end of the Packard sedan was nearing the street car; the rear end nearer the sidewalk. The sedan skidded along, ran into the front end of the street car, then swinging around "made a couple of loops, and disappeared down Twentieth street." Immediately after the accident the street car was parked in the safety zone, headed east, parallel with the south curb of Farnam street. The Packard was south of the south curb of Farnam street on Twentieth. The left front door of the Packard was sprung; the front fender and side damaged. The right front entrance door of the street car was demolished; the steps leading into the car badly damaged. The back of the street car was struck on the right corner and the light thereon demolished. Other witnesses corroborated the testimony as to the occurrence of the accident, the positions of the Packard sedan and the street car after the accident, the position of the plaintiff on the pavement after she was struck, as do the exhibits. Defendants McCauley and Omer Vosges were apprehended in a tavern close by, having left the Packard sedan immediately after the accident. They were both staggering drunk and were taken to the police station.

The negligence charged in the plaintiff's petition is driving an automobile at an excessive rate of speed, failure to comply with the sections of the city ordinance with reference to the operation of motor vehicles, having regard for the traffic and condition of the streets, and in approaching a street car. The defense was contributory negligence.

Negligence on the part of defendants McCauley and Omer Vosges is amply proved by a preponderance of the evidence. The record is void of contributory negligence on the part of plaintiff. The defendants did not defend on such ground, offering no affirmative evidence of contributory negligence. Under the circumstances, the court very properly refrained from presenting the issue of contributory negligence to the jury and from instructing on the comparative negligence rule.

The defendants complain that the verdict is excessive.

The jury allowed a recovery of $30,000. The injuries sustained by the plaintiff are terrifying and horrible to contemplate. The diagnosis shows: Multiple compound fracture of both legs; cut upper lip; fracture of the anterior fossa of the skull; the left leg practically amputated to such extent that the soft tissues were hanging in shreds, beginning at a point about two inches below the knee; the remaining portion of the tibia shattered into the knee. The popliteal vessels were all severed; the leg entirely denuded of skin; several other fractures were present in the detached portion of the leg below the point of severance. The right leg was entirely skinned from the ankle to the knee on its anterior and lateral surface. This large flap of skin was about 14 inches long and 6 inches wide. There was a compound comminuted fracture, with extensive muscle laceration, just below the knee and another about four inches above the ankle. Plaintiff was hospitalized for approximately 10 months. The reasonable charge for medical services rendered is $2,600; hospitalization $1,641.55; nurse's services $250, and other expenses. She was employed as a switch-board operator, receiving $10 a week. Obviously, the severe injuries received by her have blighted all hopes for her future and caused her intense, immeasurable suffering which can never be compensated in dollars. The verdict is just.

The defendants contend that the verdict of the jury as to defendant Julian Vosges is not sustained by sufficient evidence.

The liability of members of a partnership for a tort growing out of the partnership business is joint and several. *Wiley v. National Surety Co.*, 103 Neb. 68, 170 N. W. 349. Partnerships and partners are bound and liable for the tortious acts of their servants, acting within the scope of their employment. 1 Rowley, Modern Law of Partnership, 639, sec. 504; 20 R. C. L. 914, sec. 126.

The evidence upon which plaintiff relies to establish liability against defendant Julian Vosges is, in substance, as follows: Julian and Omer Vosges were engaged in a real

estate partnership business. The Packard sedan used in
the business was in the name of Julian Vosges and was
purchased with partnership funds. Veryl McCauley, a per-
sonal friend of the Vosges for nearly five years, was em-
ployed by Omer Vosges and had been working for him for
approximately a month, with no definite hours, but aver-
aging ten hours a day. His salary was $14 a week, room
and board. He lived with the Vosges and their parents.

On the day of the accident Julian and Omer Vosges and
McCauley used the car for the purpose of looking at some
material incident to McCauley's work. Upon returning to
the apartment, Julian left the car and went on upstairs.
Omer Vosges and McCauley drove away. They proceeded
to the vicinity of 3010 Mason street, where McCauley had
previously lived. He saw two women whom he knew, left
the car, and Omer Vosges drove away, returning shortly
and picking up McCauley. They later stopped and drank
some intoxicating liquor, and McCauley took over the driv-
er's duties without objection. They stopped at a filling sta-
tion, where each had another drink of liquor. McCauley
continued to drive. During the course of the trip they
passed a house about which McCauley had inquired a few
days previously and which had been advertised in a news-
paper by Vosges. The latter called McCauley's attention to
the house and said: "That is it; how much is it worth?"
He stated that his object was to educate McCauley in the
business; that McCauley had asked him questions of this
kind off and on. He further stated that he had no set or
definite hours to work, but looked at houses any time he
deemed it necessary, to keep a check on the value of real
estate, and considered it a part of his business; that Mc-
Cauley had driven the car on occasions, to relieve Omer
when he was tired, and when on a business trip; that on
the night of the accident they had no particular destination
in mind.

The record is void of evidence that McCauley, at any
time during the course of his employment, solicited or
listed real estate for the partnership, or showed any pro-

spective customers thereof real property listed with the partnership for sale, trade, or exchange, or that he was licensed by the state as a realtor, to perform any of the functions of a real estate dealer. See sections 76-901, 76-903, 76-904, 76-905, Comp. St. Supp. 1939. It is true that he inquired about a piece of property; that Omer Vosges pointed it out to him and asked him the value of it. Neither McCauley nor Vosges had been or were engaged in any mission connected with and within the scope of the business of the partnership at the time of the accident.

Doubtless, the conduct of McCauley and Omer Vosges was grossly negligent and reprehensible under the circumstances, but we are compelled to hold that, under the evidence in this case, there is no basis for fixing the liability of Julian Vosges, since it is not shown by the evidence that a tort was committed in the course of and within the scope of the business of the partnership on the night of the accident. The trial court should have dismissed the action as against Julian Vosges. Other assignments of error need not be discussed.

The judgment of the trial court entered against Julian Vosges is reversed and the case as to her dismissed. In all other respects the judgment is affirmed.

AFFIRMED AS MODIFIED.