VICTORIA DANIELSEN, AN INFANT, BY LAVONNE REDMAYNE,. HER MOTHER AND NEXT FRIEND, ET AL., APPELLEES, V. FRED EICKHOFF ET AL., APPELLANTS.
66 N. W. 2d 913

Filed November 26, 1954. No. 33589.

*Luebs & Elson*, for appellants.

*Lloyd E. Chapman*, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action for damages resulting from an intersection collision between two automobiles. Issues were made and trial had resulting in a verdict for defendants. Plaintiffs filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial. The trial court set the verdict aside and ordered a new trial. In the journal entry, the court states: "* * * the judgment was vacated for the reason that the verdict was contrary to the weight of the evidence, * * *." Defendants appeal.

We affirm the judgment of the trial court.

Victoria Danielsen, a minor 9 years of age, was riding as a guest in one of the two cars, which will be hereinafter referred to as the Wiltsie car. Two causes of action are joined. One is by Victoria Danielsen, by her mother and next friend, to recover for damages suffered by her. The second is by the mother of Victoria Danielsen for damages by reason of medical expense; and loss of earning power and services of the daughter.

Defendants are the owners of the second car involved in the accident, which at the time was being driven by the defendant Dorothy Eickhoff.

Plaintiffs alleged negligence of the defendants, and that it was the direct and proximate cause of the injuries to the child.

Defendants alleged careful and prudent operation of their car, denied negligence, and denied that any act or omission of theirs was the proximate cause of the injury. Defendants further alleged that any damage or injury sustained by the plaintiffs was because of the sole proximate negligence of the driver of the Wiltsie car. The reply was a denial and a further fact plea.

In accord with the rule stated in Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772, the defendants challenge here the sufficiency of the reason given by the trial court for sustaining the motion. They argue that the reason must be tested by section 25-1142 (6), R. R. S. 1943, "that the verdict, * * * is not sustained by sufficient evidence, * * *." They contend that the evidence meets that test. Plaintiffs here join issue on that contention and argue that the evidence sustains the action of the trial court in granting plaintiffs a new trial.

Plaintiffs, in accord with the rule in the Greenberg case, *supra*, submit as an additional reason to sustain the trial court's judgment, the failure of the court to define the term "proximate cause" in its instructions to the jury.

We take up the latter question first.

The question of whether or not the drivers of the two cars were negligent, or which of them was negligent, if either, and whether that negligence was "a" or "the" proximate cause of the accident, were questions put in issue by the pleadings and evidence.

The issue of the proximate cause was a direct and possibly a controlling issue.

The rules are: "When separate, independent acts

of negligence combine to produce a single injury, each defendant involved therein is responsible for the entire result, even though the negligent act of any one of the defendants alone might not have caused the injury." Zielinski v. Dolan, 127 Neb. 153, 254 N. W. 695.

"In an action to recover damages caused by alleged negligence, plaintiff must prove both negligence of defendant and that such negligence was the proximate cause of the injury complained of." Sippel v. Missouri Pacific Ry. Co., 102 Neb. 597, 168 N. W. 356.

Under the issues as made here as to proximate cause, it is sufficient to sustain a verdict for plaintiffs that the negligence of the defendants be a proximate cause, but to sustain a verdict for the defendants, avoiding the negligence of the defendants, if any, the negligence of the driver of the Wiltsie car must be found to be the proximate cause.

"Proximate cause, as used in the law of negligence, is that cause which in a natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which the injury would not have occurred." Shupe v. County of Antelope, 157 Neb. 374, 59 N. W. 2d 710.

The trial court recognized these rules of law. Throughout the instructions are such phrases as "a" or "the proximate cause," "the proximate result," "sole proximate cause," "proximately caused," and "direct and proximate result."

The trial court defined negligence but did not define proximate cause. Proximate cause is a legal concept with a particular meaning in the law. It does not fall in that class of words or phrases where the meaning is commonly known and understood by the lay public. The purpose of the definition of the term is to keep jurors within correct legal bounds.

Specifically, the plaintiffs here rely upon our holding in Wagner v. Watson Bros. Transfer Co., 128 Neb. 535, 259 N. W. 373.

In that case, the trial court failed to define proximate cause in its instructions. We held: "The trial court, not having defined proximate cause, deprived the jury of an opportunity of considering that doctrine as one of the material issues of fact."

The conclusion was that the trial court did not instruct on the law of the case and that the failure was error. We reversed.

Defendants challenge the applicability of that case, pointing out that there the verdict was for the plaintiff, while here it was for the defendants. They contend that it was error without prejudice to the plaintiffs inasmuch as proximate cause is a limiting factor of benefit to the defendants.

Specifically, the court instructed here that the plaintiffs must prove four things to recover: (1) The defendants' negligence; (2) that it was a proximate cause; (3) that plaintiffs were damaged by reason thereof; and (4) the amount of damages. The fault with defendants' reasoning here is that the verdict being a general one, there is no way of determining whether the verdict rested on a finding that defendants were not negligent, or a finding of negligence that was not a proximate cause. If the latter, then the failure to define the term cannot be held to be error without prejudice, for the jury was called upon to pass upon the question of "a proximate cause" without any guide to the particular meaning of that term in the law. See Tighe v. Interstate Transit Lines, 127 Neb. 633, 256 N. W. 319.

This distinction is emphasized in the light of the concluding clause of instruction No. 17 that: "* * * if you find that the defendant driver was not negligent or that the sole proximate cause of the plaintiff's injuries was the negligence of the driver of the car in which she was riding, then your verdict would be for the defendants."

The giving of this instruction caused the plaintiffs to carry a burden that was not defined.

Defendants rely on Triplett v. Lundeen, 132 Neb. 434, 272 N. W. 307. That case is not this case. There the court correctly defined the meaning of proximate cause, but did not thereafter use it in the instructions. We held: "* * * it is not indispensable that the term 'proximate cause' should be used. It is sufficient if it appears that defendants' negligence was the sole cause, or the efficient cause, or was the direct cause." We there analyzed the instructions and held them sufficient. Here the modifying term "proximate" is used throughout. The equivalent of that term is not used or defined.

Defendants also rely on Shiman. Bros. & Co. v. Nebraska Nat. Hotel Co., 146 Neb. 47, 18 N. W. 2d 551. There, as here, there was a failure of the court to define proximate cause. There we found that there was no question of a remote or intervening cause and disposed of the assignment by quoting from Oliver v. Nelson, 128 Neb. 160, 258 N. W. 69, as follows: "In an action for damages for negligence, an instruction that plaintiff must establish by the greater weight of the evidence that the negligence of the defendant caused the accident and the damage is sufficient relative to proximate cause, where there is no question of a remote or intervening cause."

Here the questions of remote and intervening causes were issues submitted to the jury.

The answer to this question is found in Kielley v. McCauley, 139 Neb. 60, 296 N. W. 437. We there held: "An instruction defining the term 'proximate cause' becomes requisite only where some real problem of immediacy of causation is raised in the case. That is to say, the definition has no materiality and no place in the trial judge's instructions where, under the facts of the case, the legal causation is clear, obvious and unmistakable." Here a real problem of immediacy of causation was raised, and controverted by evidence at the trial. The definition of the term was a requisite in the instructions. The failure of the court to give it may have entered into

and affected the finding of nonliability of the defendants.

We do not deem it necessary to determine the question of the correctness of the trial court granting a new trial for the reason that the verdict was contrary to the weight of the evidence.

For the reasons given herein, the judgment of the court in granting a new trial is affirmed.

AFFIRMED.