JOSEPH CARMAN, APPELLANT, v. DANIEL HARTNETT ET AL., APPELLEES.

74 N. W. 2d 352

Filed January 13, 1956. No. 33850.

*Margolin & Goldblatt, Norris G. Leamer,* and *Leamer & Graham,* for appellant.

*Mark J. Ryan* and *Richard E. Twohig,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action for the recovery of damages for personal injuries resulting to plaintiff when he was struck by an automobile driven by the defendant Mar-

garet Hartnett and owned by the defendant Daniel Hartnett. The trial court sustained defendants' motion for a directed verdict and plaintiff appeals.

The accident occurred on the main street of the village of Emerson, Nebraska, on June 27, 1953, at approximately 8:45 p. m. It was almost dark and the lights were on in the village. It was a warm evening and the pavement was dry. Plaintiff was riding on the right-hand side of the front seat of his automobile which was being driven by his son. The car was driven up the street from the north. Plaintiff had business to transact with the Mattison Implement Company, which was located on the east side of the street. His son stopped the car in front of and across the street from the company store and plaintiff got out on the right-hand side. Due to the fact that automobiles were parked on the west side of the street, plaintiff was approximately 10 feet from the west curb of the street when he alighted. He watched his son drive the car on south for some distance and then proceeded to cross the street for the purpose of entering the implement store. The street was from 28 to 30 feet wide at the point where plaintiff attempted to cross. The point of crossing was in the middle of the block between intersections. There was no pedestrian crosswalk where the accident occurred. The street sloped from south to north. Because of this condition, plaintiff says, he could see 2 or 3 blocks to the north and only one-quarter of a block to the south. There was no center line marked on the pavement. According to plaintiff's testimony he was standing about 5 feet from the center of the street when he alighted from his automobile.

Plaintiff testifies that before starting to cross the street he looked to the north and saw no car approaching. He then looked south and saw no traffic. He again looked north, saw nothing, and proceeded across the street. He did not again look south after starting across the street and was looking north when struck by the

Hartnett automobile, which came from the south. He says he was hit 3 feet west of the center line of the street. After the accident he was lying on the pavement about 40 feet north of the place where he was struck and 2 feet east of the center of the street. Plaintiff did not see the car before the accident. He remembers nothing that occurred immediately following the accident. One witness testifies that a few minutes after the accident the Hartnett car was parked about 40 feet north of the point where plaintiff was lying on the pavement. It is not questioned that plaintiff received serious injuries to his person.

The petition filed alleges the following acts of negligence on the part of Margaret Hartnett, the driver of the automobile that struck the plaintiff: That the automobile was being operated in a careless and reckless manner at an excessive rate of speed with poor and improper lights in the nighttime; that she was negligent in operating said motor vehicle at a speed that was greater than reasonable and prudent under the conditions then existing, in operating a motor vehicle with insufficient lights, in failing to keep a proper lookout, in failing to have her car under control so as to stop within the area lighted by her headlights, in failing to warn of her approach, and in failing to have her automobile under proper control so as to be able to apply the brakes and prevent striking objects in her pathway; that she failed to look, or if she did look, failed to see the plaintiff in said roadway; that she failed to change her course after seeing the plaintiff, if she saw him, and failed to stop said automobile before striking the plaintiff; and that she operated her automobile at a speed that was in excess of the limits provided in the ordinances of the village of Emerson.

There is no evidence in the record to support any one of the foregoing allegations, except that which might be inferred from the testimony of the plaintiff as hereinbefore set out. The speed of the car or the manner in

which it was being driven is not shown by any evidence. There is no evidence of a want of adequate lights or brakes, or of other mechanical defects preventing a proper operation and control of the car. The alleged negligence of the operator of the automobile rests solely on speculation and conjecture. It is fundamental that in an action to recover damages caused by alleged negligence plaintiff must prove defendant's negligence and that such negligence was the proximate cause of the injury of which complaint is made. Danielsen v. Eickhoff, 159 Neb. 374, 66 N. W. 2d 913.

But in any event, we think the evidence adduced by the plaintiff shows as a matter of law that the proximate cause of the accident was the negligence of the plaintiff. In this respect, the evidence shows that after plaintiff alighted from his car, he looked to the north, then to the south, and again to the north, and then proceeded to cross the street without again looking to the south. Plaintiff's testimony is that he was walking across the street looking to the north, where he could see for 2 or 3 blocks and a single glance would have shown him that no cars were approaching from that direction. After starting across the street plaintiff never again looked to the south where he could see for only one-quarter of a block. Plaintiff testifies that he took about two steps before he was struck. He was necessarily close to the center of the street. With no cars approaching within 2 or 3 blocks from the north, any danger was necessarily from the south. He never looked south after starting across the street. After giving plaintiff's evidence the most favorable conclusion to be drawn therefrom, as we are required to do in determining the correctness of a directed verdict, it clearly appears that the proximate cause of the accident was the negligence of the plaintiff in not keeping a proper lookout.

Every pedestrian crossing a highway within a business or residence district at any point other than a

pedestrian crossing, crosswalk, or intersection is required by statute to yield the right-of-way to vehicles upon the highway. § 39-751, R. R. S. 1943. A business street is a highway within the meaning of this section of the statute. § 39-741, R. R. S. 1943. Consequently, the rule governing the right-of-way of pedestrians is the same whether or not there is an applicable ordinance declaratory of the existing statute.

In Trumbley v. Moore, 151 Neb. 780, 39 N. W. 2d 613, this court in a similar case said: "This court has held many times and is committed to the rule that the violation of a statute or ordinance regulating traffic does not constitute negligence as a matter of law, but is evidence of negligence to be considered by the jury in connection with all the circumstances shown by the evidence. Consequently, the mere fact that a pedestrian walks across a street between intersections contrary to ordinance or statute is not of itself negligence sufficient to defeat a recovery. But one who does so is charged with the exercise of a greater degree of care than one who crosses a street at a crosswalk where protection is afforded by giving the pedestrian the right-of-way. * * * But one who crosses a street between intersections is required to keep a constant lookout for his own safety in all directions of anticipated danger. Where such person crosses the street between intersections without looking at all, * * * the situation usually presents a question for the court."

In the instant case the plaintiff, according to his own testimony, looked in both directions before he started across the street. After he started across, he says, he continued to look north but never again looked to the south. As he approached the center of the street, he should have looked to the south, particularly where it was the more likely source of danger. It was negligence of such a character as will bar a recovery as a matter of law. The proximate cause of the accident was his failure to keep a constant lookout for his own safety

in all directions of anticipated danger. The trial court so found and directed a verdict for the defendants. The judgment entered was correct and it is affirmed.

AFFIRMED.