CLARENCE H. BENEDICT, APPELLEE, v. ANDREW ANDERSEN, APPELLANT.

77 N. W. 2d 320

Filed June 1, 1956. No. 33930.

*Fraser, Connolly, Crofoot & Wenstrand* and *Robert G. Fraser, for* appellant.

*Gross, Welch, Vinardi & Kauffman,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for damages for personal injuries, and hospital and medical expenses, by Clarence H. Benedict, plaintiff and appellee, against Andrew Ander-

sen, defendant and appellant, on account of alleged negligence of the defendant.

The action was tried to a jury. A verdict was returned in favor of plaintiff for $11,109.80. Judgment was rendered on the verdict. Thereafter in due time an alternative motion for new trial or for judgment notwithstanding the verdict was filed by the defendant. This motion was overruled. From the judgment and the order overruling the alternative motion for new trial or for judgment notwithstanding the verdict the defendant has appealed.

As ground for action, to the extent necessary to set it forth herein, the plaintiff pleaded in his petition that at or about 12:10 a. m., on or about August 10, 1953, he was walking in an easterly direction on a graveled road known as Harrison Street at a point about three-fourths of a mile south of Ralston, Nebraska; that he reached Eighty-fourth Street which is a traveled highway; and that at the time he did so the defendant who was driving a Ford automobile in a northerly direction on Eighty-fourth Street, negligently, carelessly, and recklessly drove the automobile so as to strike plaintiff causing serious and permanent injuries. Numerous grounds of negligence were alleged but in the light of the record only the following require mention here: That the defendant failed to keep a proper lookout for pedestrians at Eighty-fourth and Harrison Streets; that he failed to keep his automobile under proper control; that he failed to swerve his automobile in time to avoid striking the plaintiff; and that he failed to yield the right-of-way.

It should be noted here that there is a variance between plaintiff's petition and his proof as to the direction he was moving at the time he was struck. The petition states that he was moving in an easterly direction whereas his proof is that he was moving in a northerly direction. Plaintiff's pleaded theory instead of his proved theory was submitted by the instructions. Plaintiff did

not amend or seek to amend his petition to conform to the proof. No objection was taken to the variance on the trial. No controlling significance will therefore be attached to it here. It is mentioned only in order that confusion may not flow from a comparison of the evidence hereinafter to be considered with plaintiff's cause of action as pleaded in his petition.

To the petition the defendant filed an answer. To the extent necessary to review it herein the defendant admitted the occurrence, its approximate location, and that plaintiff sustained injuries. He denied that he was guilty of negligence. Affirmatively it was pleaded that the accident came about by reason of negligence on the part of plaintiff in that he negligently and in disregard of his own safety walked from a place of safety diagonally in a southeasterly direction near the intersection of Eighty-fourth and Harrison Streets into the lane in which defendant was properly driving and was on that account struck by defendant's automobile.

For reply the plaintiff filed a general denial. Further replying it was pleaded that even if the plaintiff was guilty of contributory negligence still the defendant in the exercise of ordinary care could have avoided the accident and therefore the defense of contributory negligence was not available to the defendant.

By assignments of error the defendant asserts numerous grounds for reversal of the judgment of the district court. The one requiring first consideration is that he was entitled to have his motion for judgment notwithstanding the verdict sustained. The determination upon this assignment must depend upon the evidence of the plaintiff with the reasonable inferences to be drawn therefrom viewed in the light most favorable to him, together with the evidence of the defendant, if any, tending to support plaintiff's position with the reasonable inferences to be drawn therefrom also in the light most favorable to the plaintiff.

It is the rule that in determining the sufficiency of

evidence to sustain a verdict, the evidence must be considered most favorably to the successful party, any controverted fact must be resolved in his favor, and he must have the benefit of the inferences reasonably deducible from the evidence. Bolio v. Scholting, 152 Neb. 588, 41 N. W. 2d 913; Taylor v. J. M. McDonald Co., 156 Neb. 437, 56 N. W. 2d 610; Dyer v. Ilg, 156 Neb. 568, 57 N. W. 2d 84; Horton v. Maruska, 158 Neb. 723, 64 N. W. 2d 734; Granger v. Byrne, 160 Neb. 10, 69 N. W. 2d 293.

The evidence discloses that Eighty-fourth Street at the location involved here is a highway outside any village or city limits. It extends northward from Papillion, Nebraska, to Ralston, Nebraska. It has a hard surface referred to as black-top. The paved width is about 20 feet. It has two lanes, one for northbound and one for southbound vehicular traffic. Harrison Street is a highway extending east and west. Its surface is gravel. It has lanes for eastbound and westbound traffic. The width of the driving area is also about 20 feet or a little more. These two highways intersect at a distance estimated by different witnesses at from one-fourth to three-fourths of a mile south of the west side of Ralston.

The plaintiff testified substantially that on the night in question he was taken in an automobile by two unknown men to a point about one and one-half blocks west of the intersection of Eighty-fourth and Harrison Streets where he was robbed, after which the two men departed in the automobile and left him in that location. He further testified that after he was so left he walked eastward to Eighty-fourth Street, then southward for about two blocks when he turned and walked north just off the east edge of the paving or black-top on Eighty-fourth Street; that he observed an automobile coming from the south on Eighty-fourth Street, which as it turned out was the automobile owned and operated by the defendant; that he was at or near the intersection of Eighty-fourth and Harrison Streets when he saw the

automobile in question; and that in an attempt to cause it to stop he stepped with his left foot out onto the pavement, waved his right hand, and was struck. From this time on he had no recollection of what occurred for several weeks.

The evidence discloses that after this collision the plaintiff was prone near the center of Harrison Street and according to estimates of witnesses from 4 to 15 feet east of the east edge of the black-top in Eighty-fourth Street, and the defendant's automobile came to rest headed north about even with the south edge of Harrison Street and according to the testimony of the defendant with the right wheels off and the left wheels on the black-top.

There is no other direct testimony as to how the accident came about except that of the defendant. There is nothing in this which directly or by inference supports the testimony of the plaintiff. His version, which conforms to the description by plaintiff of his movements as contained in his petition, is, in brief detail, that he was traveling northward on his right side of the highway at from 40 to 41 miles an hour when he saw the plaintiff moving from the west side of Eighty-fourth Street in a southeasterly direction toward the east side waving his hands; that defendant took his foot off the gas and sounded his horn; that the plaintiff stopped momentarily at about the center of Eighty-fourth Street and then stepped directly into the path of the automobile; and that the defendant applied his brakes but was unable to stop without striking the plaintiff.

The only evidence other than the testimony of the plaintiff from which any inference as to causation may be drawn is evidence of marks on the highway and the position of defendant's automobile after the accident.

As pointed out the evidence of the defendant discloses that the right wheels of the automobile were off the black-top to the east. An estimate given was that the automobile was about half off and half on the black-

top. There is testimony that there was a tire mark extending southward from the left front wheel for a distance of 54 feet. There is no apparent contention that this mark was not made by the wheel or wheels of defendant's automobile as a result of the application of brakes. This testimony is visually supported by a photographic exhibit which is in evidence. This exhibit discloses the described tire mark. It also discloses a practically parallel tire mark to the right. The two marks together disclose that the brakes were applied while the defendant's automobile was in its proper driving lane and entirely on the black-top. It appears that with the application of brakes the automobile swerved to the right, thus in probability causing its right side to leave the black-top to the east.

It appears that a reasonable inference related to this accident which may be drawn from this evidence is that the defendant saw the plaintiff on the highway in front of him and that he was unable to stop in time to avoid striking the plaintiff. This substantially is the explanation given by the defendant. Any contrary inference would be but speculation and conjecture.

It is difficult to see in the light of the evidence, under the evidentiary theory of either the plaintiff or the defendant, how it may be said that the defendant was guilty of negligence. On his own evidence the plaintiff observed the defendant coming along the highway. There is no evidence that defendant was not moving in a proper manner and at a proper speed. In the light of this observation plaintiff voluntarily placed himself in the path of the automobile. There is no evidence from which a reasonable inference could flow that the defendant had time and opportunity in the exercise of ordinary care to avoid the accident. On the evidence of the defendant coupled with the evidence of plaintiff it appears that plaintiff saw the approach of the automobile and stepped into its path under circumstances which did not allow the defendant time and

opportunity in the exercise of ordinary care to avoid the accident.

Assuming however that the defendant was shown to be guilty of negligence it must be said that the plaintiff may not recover in this case, and accordingly, the defendant's motion for judgment notwithstanding the verdict should have been sustained.

Immediately prior to the accident in this case, on the evidentiary theory of either or both of the parties, the plaintiff was in a place of safety and was aware of the approach of the defendant's automobile, and despite this he suddenly moved from his place of safety into the path of defendant's automobile.

The legal principle applicable to this situation is stated in Hughes v. Omaha & C. B. St. Ry. Co., 143 Neb. 47, 8 N. W. 2d 509, as follows: "When one, being in a place of safety, sees and is aware of the approach of a moving vehicle in close proximity to him, suddenly moves from the place of safety into the path of such vehicle and is struck, his own conduct constitutes contributory negligence more than slight in degree, as a matter of law, and precludes recovery." See, also, Gade v. Carlson, 154 Neb. 710, 48 N. W. 2d 727; Davis v. Dennert, *ante* p. 65, 75 N. W. 2d 112.

Under such circumstances a party may not recover on the ground that the other party had a last clear chance to avoid striking him. The rule is as follows: "The doctrine of the last clear chance does not apply where the negligence of the injured party is contemporaneous and active up to the very moment of an accident, and thus contributed to cause the accident." Hughes v. Omaha & C. B. St. Ry. Co., *supra*.

Under these rules the plaintiff is barred from a recovery by reason of his own contributory negligence which as a matter of law was more than slight. This conclusion renders unnecessary a consideration of any of the other assignments of error.

The judgment of the district court is reversed and

the cause remanded with directions to render judgment notwithstanding the verdict in favor of defendant and against the plaintiff.

REVERSED AND REMANDED WITH DIRECTIONS.