PATRICIA ANN VAN ORNUM, EXECUTRIX OF THE ESTATE
OF HAROLD DEVANEY, DECEASED, APPELLANT, V. RICHARD
A. MORAN ET AL., APPELLEES.

183 N. W. 2d 759

Filed February 11, 1971. No. 37626.

Schrempp, Rosenthal, McLane & Bruckner, and Gill, Dunkle, Beekley & McNally, for appellant.

Pilcher, Howard & Dustin and John R. Douglas of Cassem, Tierney, Adams & Henatsch, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

Patricia Ann Van Ornum, executrix of the estate of Harold Devaney, deceased, brought this action against Richard A. Moran, and others, for damages for injuries sustained when Devaney was struck by an automobile driven by Moran on 18th Street between Farnam and Douglas Streets in Omaha. The jury returned a verdict for the defendant and plaintiff has appealed.

Devaney was a bus driver for Greyhound Lines, Inc. On November 16, 1964, at about 5 p.m., his bus was standing in the bus station on 18th Street ready to depart on a trip to Sioux City, Iowa. Traffic was heavy on 18th Street and Devaney's bus and another operated by Henry H. Stock were having trouble entering the street for departure. Stock testified that Devaney entered the street during a 50 to 70-foot gap in the traffic, turned his back partially to the oncoming traffic from the north on the one-way street, and signaled Stock to enter the street from the bus exit. Stock did not attempt entrance to the street. Devaney looked back over his shoulder, saw an automobile immediately upon him, and was immediately struck. Stock saw the automobile license number of the car which proceeded on south without stopping. Devaney sustained injuries when struck by the automobile, damages for which this action was brought.

The witness Stock testified that he was a bus driver for Greyhound and at the wheel of the bus seeking entrance to 18th Street at the time the accident occurred. He testified that Devaney walked into 18th Street and was standing in the middle of the first traffic lane with his back to oncoming traffic when he raised his hand and signaled him to enter 18th Street which he did not do because of oncoming traffic. He saw the automobile strike Devaney, throwing him off the fender, and proceed on south without stopping. He described the automobile as a Dodge or Plymouth station wagon and obtained its license number. He testified that Devaney wore a bus driver's uniform and that he entered the street during a lull in the heavy traffic to protect against traffic while Stock drove his bus into the street.

Devaney suffered serious injuries which continued until his death which was unrelated to the injuries sustained in the accident.

The defendant, Richard A. Moran, testified that he was an owner of the Moran Printing Company, Inc., and

that he devoted his time to that business. Moran Printing was a lessee of the automobile being driven by Moran on November 16, 1964, which was used primarily in the business of Moran Printing. He testified that he left the Moran Printing establishment shortly after 5 p.m., to pick up his daughter on the way home. He testified that he drove to 18th and Farnam Streets from the east and proceeded on west to 19th and Farnam Streets to pick up his daughter. Before reaching the intersection of 18th and Farnam Streets, he stated that a pedestrian stepped in front of his car, jumped on the bumper and pounded on the hood, and dropped off to the side without sustaining any apparent injury. He was unable to describe the man or give any information concerning him. He said it was this incident that he referred to when he told police that he had had an accident in the area. In other words, he stated that he was not on 18th Street on the date of the accident but was on Farnam Street near 18th Street and, consequently, did not hit Devaney or leave the scene of that accident without stopping as alleged.

We do not think it is important in the case as to where the accident occurred since Devaney was guilty of contributory negligence as a matter of law on his own evidence sufficient to bar a recovery. We point out that Devaney, according to his own testimony and that of the eyewitness Stock, walked from the sidewalk into the flow of heavy traffic between intersections and failed to keep a lookout for vehicular traffic coming from the direction that danger could reasonably be expected on the one-way street where they testified the accident occurred.

Moran Printing was made a party defendant because it was the lessee of the automobile driven by Moran and used in the business. Greyhound was made a party defendant because of its right of subrogation to the extent of payments made under the workmen's compensation law. The disposition of the liability claims against

Moran will dispose of the contentions of all parties defendant and we will therefore limit our discussion of the issue to those existing between the plaintiff and Moran.

The plaintiff alleged negligence on the part of Moran asserting that he failed to keep a proper lookout and in failing to have his automobile under reasonable control. In his answer, Moran alleged contributory negligence by Devaney in failing to keep a proper lookout, in moving from a place of safety into the path of Moran's moving automobile, in failing to yield the right-of-way to a moving vehicle between intersections, in crossing a roadway in a congested traffic area between intersections, and in standing in a line of traffic in a congested traffic district.

Assuming that Moran was guilty of negligence as charged, we hold that Devaney was guilty of contributory negligence to a degree sufficient to defeat the action on his own testimony.

The evidence is undisputed that Devaney with full knowledge of the heavy traffic on 18th Street walked into the center of a lane of southbound traffic during a short lull to halt oncoming automobiles to permit a Greyhound bus to move into the traffic flow. Devaney stood in the middle of the first line of traffic. He saw no vehicles in this southbound lane when he entered it and turned his back in the manner heretofore stated in the direction from which traffic was to be expected. He attempted to look back over his shoulder occasionally for traffic but centered his attention on Stock and his bus. He signaled Stock to move his bus out which he did not do because of oncoming traffic. Devaney looked over his shoulder and saw defendant's car right on him in the center of the first lane just before he was struck. It is clear that he deliberately moved from a place of safety into a place of danger to aid Stock in moving his bus into the flow of traffic on 18th Street. This court has said many times that it is negligence more than slight

to place oneself in such a place of danger under such circumstances. Matson v. Dawson, 185 Neb. 686, 178 N. W. 2d 588; Lileikis v. Kudirka, 180 Neb. 742, 145 N. W. 2d 441. It is contended here that Devaney was not "crossing a street" between intersections under the evidence of this case. We think that he was. "* * * one traversing all or a portion of the paved area between the curbs of a city street is 'crossing the roadway' within the meaning of the ordinance and the code sections, even though he is walking from curb to safety zone." Shachunazarian v. Widmer, 159 Cal. App. 2d 180, 323 P. 2d 865. "Term 'crossing' as used in statute and ordinance regulating pedestrians' crossing of street in business district was not intended to be limited to curb-to-curb crossing." Hedges v. Conder (Iowa), 166 N. W. 2d 844.

Plaintiff's counsel argue that the foregoing is not controlling in the present case and that the resolution of the case is governed by the principles declared in Arnold v. Lance, 166 Neb. 834, 90 N. W. 2d 814, and Brenning v. Remington, 136 Neb. 883, 287 N. W. 776. We think these cases are distinguishable and inapplicable. It is true as plaintiff's counsel state that Devaney had stationed himself in the street to direct and stop traffic and prepare to motion Stock to drive his bus into the street because there was a gap in the traffic at that time. He was stationed in a southbound lane of traffic at that time which he thought was clear of moving vehicles approaching from his rear. It is contended that circumstances and necessity may sometimes require police officers, traffic directors, vendors, and other persons to place themselves in the street to carry out their duties and that doing so for necessary purposes does not constitute contributory negligence. In the Lance case, plaintiff was standing 6 feet in front and about a foot to the left of the bus just before the accident and in plain sight of Lance. Plaintiff attempted to avoid injury by stepping in front of the bus to a place of safety. Lance turned sharply in front of the bus in turning off the

street, knowing that plaintiff was standing in his path. This court held that there was no negligence on the part of plaintiff. But that is not this case. In the Remington case, plaintiff was standing in the street beside his parked car when struck by an oncoming vehicle. This was factually held not to be a "crossing the street" between intersections case and constituted no basis for a holding of contributory negligence, particularly within the rule of Doan v. Hoppe, 133 Neb. 767, 277 N. W. 64.

The applicable rule is stated in Carman v. Hartnett, 161 Neb. 576, 74 N. W. 2d 352, as follows: "In the instant case the plaintiff, according to his own testimony, looked in both directions before he started across the street. After he started across, he says, he continued to look north but never again looked to the south. As he approached the center of the street, he should have looked to the south, particularly where it was the more likely source of danger. It was negligence of such a character as will bar a recovery as a matter of law. The proximate cause of the accident was his failure to keep a constant lookout for his own safety in all directions of anticipated danger." In the instant case, the plaintiff's decedent failed to keep a constant lookout for vehicles coming from the north on the one-way street in which he stood according to his own evidence. He was guilty of contributory negligence more than slight and a verdict should have been directed against plaintiff. Alleged errors in the instructions or occurring in the course of the trial are therefore irrelevant, since the jury arrived at a verdict consistent with the directed verdict that should have been granted. Nekuda v. Allis-Chalmers Manuf. Co., 175 Neb. 396, 121 N. W. 2d 819; Knuth v. Singer, 174 Neb. 182, 116 N. W. 2d 291.

AFFIRMED.