ROBERT J. BLUM, APPELLANT, V. WILDA I. BRICHACEK ET AL., APPELLEES.

215 N. W. 2d 888

Filed March 14, 1974. No. 39048.

Bauer, Galter & Scott, for appellant.

Ray C. Simmons, for appellees.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and COLWELL and WARREN, District Judges.

NEWTON, J.

This is an action to recover damages for personal injuries received by plaintiff while walking in the street when struck by defendants' automobile. The verdict of the jury was for plaintiff. A motion of the defendants' for judgment non obstante veredicto was sustained by the court on the theory that plaintiff entered the street for the purpose of stopping the defendants' car and was thereby guilty of negligence sufficient to bar recovery as a matter of law. We affirm the judgment of the District Court.

Under the circumstances we must regard the evidence in the light most favorable to plaintiff. The accident occurred near the intersection of 7th and D Streets in Schuyler, Nebraska. Seventh Street runs east and west, and D Street north and south. On the south side of 7th Street, west of the intersection, is a streetlight, and east of the intersection, a fireplug. It is 56 feet 3 inches from the light to the fireplug. Plaintiff appears to have been struck approximately 10 feet 8 inches east of the fireplug where his hat lay after the accident. The sidewalk was west of the fireplug. Seventh Street, from curb back to curb back, measures 31 feet 9 inches. Allowing for the curbs, it would have a driving surface approximately 30 feet in width with 15-foot lanes.

All parties concerned, except Wilda Brichacek, were employees of Spencer Foods. Plaintiff, Donald Kinzer, and Kenneth Chapik were out on strike. Defendant LaVern Brichacek was a nonstriking employee. There was ill feeling between the two groups. Plaintiff, his family, and Chapik were visiting at the Kinzer home on D Street south of the intersection on July 9, 1971. The accident occurred about 10:25 p.m. on that evening. Defendants' car, driven by defendant Wilda Brichacek, in which her husband and another couple were passengers, passed the Kinzer residence. A short time later the car passed again and the occupants yelled insults and

profanities. Kinzer got an ax, followed the car to the intersection where it had stopped, and asked the occupants to desist. The car drove by a third time with a repetition of the insults. Kinzer, without the ax, followed by Chapik and plaintiff, went to the intersection with the avowed intention of stopping the car when it came by again. Plaintiff and Chapik stopped just east of the fireplug and Chapik stayed there on the sidewalk or parking. They saw the car turn into 7th Street, a block to the west. It was traveling slowly, about 10 to 15 miles per hour. Kinzer attempted to intercept it at a point 40 to 50 feet west of the streetlight, or a quarter block west of the intersection. As he stepped out from the curb, the car accelerated and was going 35 to 40 miles per hour when it struck plaintiff. From the point where Kinzer attempted to stop the car to where plaintiff was struck was approximately 115 feet.

Plaintiff said that as the car turned into 7th Street he started to cross the street with the idea of intercepting it as it turned left and north into D Street. As plaintiff got to the center of the street, he saw Kinzer step out and plaintiff started back south across the eastbound lane. He states he started "to walk a little faster" as the car approached at an accelerated speed but was struck at a point 3 to 5 feet from the curb. There was some testimony that from Kinzer to plaintiff the car veered 2 or 3 feet to the right. The defendant driver said that she failed to see plaintiff until she struck him. Plaintiff being in the vicinity of the fireplug was near but not in the crosswalk.

The evidence would sustain a finding of negligence on the part of defendants in that an adequate lookout was not maintained, there was a sudden acceleration of speed, and the car was permitted to veer to the right. The evidence of contributory negligence indicates that plaintiff entered the street with the avowed purpose of stopping the defendants' car and in so doing

left a place of safety; he knew the car was approaching and was aware it had accelerated; he turned back, after reaching a place of safety in the middle of the street, across the path of the car; and he had ample time to cross back ahead of the car but did not do so. The car had to travel a distance of approximately 115 feet from where Kinzer attempted to intercept it. At that time plaintiff had reached the center of the street and turned back. The car accelerated from 10 to 15 miles per hour to 35 to 40 miles per hour and its average speed could not have exceeded 30 miles per hour. A car traveling at that speed covers 44 feet per second. At that speed over a distance of 115 feet plaintiff had 3 seconds to walk across the 15 foot south lane to safety. Human beings have run a distance of 100 yards or 300 feet in 9.1 seconds. Certainly any ablebodied man could cover one-twentieth of that distance in 3 seconds, yet the plaintiff did not. Under all the circumstances, was plaintiff's negligence more than slight when compared with the defendants'?

It may be said that as a pedestrian, in the vicinity of a crosswalk, plaintiff had the right-of-way and was entitled to assume it would be respected. The difficulty here is that he was not a simple pedestrian. He admits he intended to talk to the occupants of the car which necessarily entailed stopping it. He had also observed Kinzer's attempt to stop it was in vain so he knew it was not likely to stop as a result of his own efforts. Notwithstanding these circumstances, he placed himself in a precarious and dangerous position. The case is analogous to that of Benedict v. Andersen, 162 Neb. 735, 77 N. W. 2d 320, where the plaintiff stepped onto the highway to stop a car and to Van Ornum v. Moran, 186 Neb. 418, 183 N. W. 2d 759, where the plaintiff stepped into the street to direct the movement of a bus into the street and to direct and stop traffic.

"Where one, knowing and comprehending the danger,

voluntarily exposes himself to it, although not negligent in so doing, he is deemed to have assumed the risk and is precluded from a recovery for an injury resulting therefrom." Hollamon v. Eagle Raceway, Inc., 187 Neb. 221, 188 N. W. 2d 710.

"When one, being in a place of safety, sees or could have seen the approach of a moving vehicle in close proximity to him and suddenly moves from the place of safety into the path of such vehicle and is struck, his own conduct constitutes contributory negligence more than slight in degree, as a matter of law, and precludes recovery." Lileikis v. Kudirka, 180 Neb. 742, 145 N. W. 2d 441.

The latter rule is also applicable to a pedestrian at a crosswalk. See Farag v. Weldon, 163 Neb. 544, 80 N. W. 2d 568.

We conclude that the judgment of the District Court should be affirmed.

AFFIRMED.

BOSLAUGH, J., dissenting.

If the evidence is considered in the light most favorable to the plaintiff, and all conflicts are resolved in his favor, the jury could have found the plaintiff was 3 to 5 feet from the south curb when he was struck by the Brichacek automobile which had been accelerated to 35 to 40 miles per hour and had swerved to the right. It is clear that the accident would not have happened if the speed of the Brichacek automobile had not increased and it had not swerved toward the south curb.

In my opinion the evidence presented questions of negligence and contributory negligence which under the comparative negligence statute were required to be submitted to the jury.

WHITE, C. J., and CLINTON, J., join in this dissent.